[Civil No. 3503. Filed May 2, 1935.]

[44 Pac. (2d) 526.]

MARY MARTIN, a Widow, FRANK MARTIN, a Widower, J. C. COULSON and POLLY COULSON, His wife, H. L. KINMAN and LILLIAN KINMAN, His Wife, and ARIZONA SASH DOOR & GLASS COMPANY, a Corporation, Appellants, v. ALMA GRACE SEARS, Appellee.

Mr. John C. Lee, for Appellants.

Messrs. Struckmeyer & Jennings and Mr. Henry S. Stevens, for Appellee.

LOCKWOOD, C. J.—This is an appeal from a judgment in favor of Alma Grace Sears, hereinafter called plaintiff, foreclosing a mortgage on certain real estate in Maricopa county. The questions involved are legal only, and are based on the following facts:

Mary Martin, a widow, and one of the defendants

herein, whom we will hereafter call the mortgagor, executed and delivered to plaintiff her note for $2,000, secured by a mortgage bearing the date of May 29, 1931, which mortgage was duly recorded. The Union Title & Trust Company, a corporation, hereinafter called the company, was at the time engaged in the issuing of title insurance policies. On the 29th day of December, 1931, plaintiff assigned the note and mortgage to the company. This assignment was made only for the purpose of enabling the company to reassign the mortgage to the state of Arizona in pursuance of the provisions of section 1776, Revised Code 1928, which provides that title insurance companies before they may issue guaranties of title must deposit with the state treasurer authorized securities to the amount of at least $50,000. All of these assignments were properly recorded. As a result of these transactions, plaintiff was the equitable owner and holder of the note and mortgage, subject, however, to the rights of the state of Arizona, for the use and benefit of the holders of title insurance policies issued by the company. The whole sum of the note and mortgage became due and payable, and plaintiff made demand for payment, and, it not being made, brought this suit to foreclose. The mortgage provided that, in the case suit was brought, the mortgagee should be entitled to the appointment of a receiver to take possession of the property pending a final disposition of the matter, and in her complaint plaintiff therefore asked that a receiver be appointed. There were a number of parties named as defendants in the action, but we shall refer only to those who have appealed from the judgment; the mortgagor, of course, being one. Frank Martin, hereinafter called the owner, was named as party defendant; it being alleged that his interest arose by reason of a convey-

ance to him of the premises after the execution of the mortgage. J. C. Coulson and H. L. Kinman, and their respective wives, and Arizona Sash Door & Glass Company, a corporation, hereinafter called the lienees, were made parties by reason of certain lien claims which were of record as against the property. These defendants were served with summons as follows: The mortgagor on September 16, 1932, and the lienees on September 17, 1932, all such services being made in Maricopa county, Arizona. The original return on the summons omitted to state that the services were made in Maricopa county, but on motion of plaintiff the court authorized that the return of service be corrected to show service in that county. The owner was not served, but voluntarily entered his appearance by way of a demurrer filed on October 20, 1932, a plea in bar filed November 23, 1932, and an answer filed March 2, 1933. No answer or appearance having been made for the mortgagor or lienees, a default was duly entered on October 8th. In the meantime plaintiff had secured an order to show cause why a receiver should not be appointed, which order was served on the mortgagor and made returnable on September 26th. Plaintiff, however, did not urge the matter, and the same never came before the court for hearing. On October 20th defendants appeared specially for the purpose of demurring to the jurisdiction of the court on the grounds that it had no jurisdiction of the subject of the action, and that there was another action pending between the same parties for the same cause. On October 26th plaintiff moved to strike the demurrer of the mortgagor and of the lienees, which motion was duly granted. The demurrer of the owner was overruled on the same day that the demurrers of the other defendants were stricken. On November 17th plaintiff filed a

motion for judgment on the pleadings, but this motion was never urged. On November 23d the mortgagor and the lienees moved to have the default set aside. Accompanying this motion was an affidavit of merits. A plea in bar was also filed by all of the defendants. A motion to set aside these defaults was denied on May 8th, no action being taken at that time on the plea in bar of the owner. On May 23, 1933, plaintiff filed a motion for judgment on the pleadings, which motion was granted on December 5, 1933, and on December 7, 1933, due proof was made of the allegations of the complaint, and an order for judgment was entered. The proposed form of judgment was submitted to the attorney for the defendants, and before the expiration of the 5-day period allowed by the rules, and on December 11th, defendants filed their objections to the form of judgment, which objections being overruled on December 18th, judgment was rendered and the formal written judgment was signed by the trial court and filed with the clerk.

There are four assignments of error which raise four questions of law. We shall consider them in their order.

■■ The first question is, Was the demurrer of the mortgagor and the lienees properly stricken? It appears from the record that summons was served on them in the county of Maricopa, the first on the 16th and the second on the 17th of September, 1932. Under section 3753, Revised Code 1928, they had 20 days in which to answer; the last day for either party thus being the 7th day of October. There seems to be some contention by defendants that, because the original return on the summons did not show that it was served in Maricopa county, the 20-day statute did not apply. The time for answer does not depend

upon the return but the service, section 3752, Revised Code 1928, and the failure of the writ to show the place where the summons was served is a mere irregularity which may by leave of court be corrected at any time. Section 3768, Rev. Code 1928. No answer having been filed within the time specified by the summons, plaintiff was entitled to have a default entered. Section 3846, Rev. Code 1928. So long as parties are in default, they have no right to participate in any further proceedings in the case, except a motion to set aside the default and petition for leave to appear and answer, or some similar matter not going to plaintiff's right of action. *Christerson* v. *French,* 180 Cal. 523, 182 Pac. 27; *Laclede Land & Imp. Co.* v. *Creason,* 264 Mo. 452, 175 S. W. 55. Such being the case, the demurrer was properly stricken.

The next question is whether the trial court erred in denying the motion to set aside the default: We have discussed the question of what steps it is necessary to take in order to set aside a default in the case of *Beltran* v. *Roll,* 39 Ariz. 417, 7 Pac. (2d) 248, 250. Therein we state as follows:

"It is the law of this state that when a default has been entered upon defendant's failure to answer and judgment rendered thereafter upon the default, in order that the judgment may be set aside and defendant permitted to answer, a motion to that effect must be supported by an affidavit of merits which shows on its face that defendant has a substantial and meritorious defense, and of what it consists. *Copper King of Arizona* v. *Johnson,* 9 Ariz. 67, 76 Pac. 594; *Arizona Min. etc. Co.* v. *Benton,* 12 Ariz. 373, 100 Pac. 952; *Security Trust & Savings Bank* v. *Moseley,* 27 Ariz. 562, 234 Pac. 828. It must also appear that the failure of defendant to answer was the result of excusable conduct on his part. Section 3859, Rev. Code 1928; *Arizona Min. etc. Co.* v. *Benton, supra; Lynch* v. *Arizona Enterprise Min. Co.,* 20 Ariz. 250, 179 Pac. 956; *Gutierrez* v. *Romero,* 24 Ariz. 382, 210

Pac. 470; *Garden Development Co.* v. *Carlaw*, 33 Ariz. 232, 263 Pac. 625.''

█ █ There were therefore two questions for the trial court to consider upon the motion: (1) Did the mortgagors and lienees show excusable conduct on their part justifying their failure to answer within the statutory time? And (2) did they show a meritorious defense to the action? If either question should be answered in the negative, the default should not be set aside. In their motion to set aside the default, they show as excuse for their failure to appear and answer that an order to show cause why a receiver should not be appointed was served on them directing them to appear on the 26th day of September for that purpose; that pursuant to such order their attorney came into court, but entered no appearance and filed no pleadings in the case; that neither the plaintiff nor plaintiff's counsel appeared in court; and that defendant's attorney requested the court to call him if they should appear to press the motion for a receiver, and asked the court not to make any orders because of a default of the defendants. So far as the mortgagor and the lienees were concerned, we think this is no excuse for a failure to enter an appearance and answer. On the contrary, it shows that they were represented by counsel who was well aware of the situation, for he asked the court not to make any orders because of a default. It does not appear that the court made him any promises in the matter, and, indeed, under the statute it is doubtful if it could have refused, on the state of the record, to have entered the default when it was requested by plaintiff. Certainly we cannot say that defendants had used such due diligence that it was an abuse of discretion to refuse to set aside the default. Since the trial court held that the mortgagor and the lienees

had not shown excusable neglect for their failure to appear and answer in the time required by the statute, and since on the showing made we cannot say it was an abuse of discretion so to hold, the action of the trial court in denying the motion to set aside the default was not erroneous.

██ We consider next the objections to the form of judgment. Of course only the owner was in a position to make these objections, for he alone of all of the defendants was not in default in the action, and he could only object to such parts of the judgment as would affect his rights, and not to anything that affected only the rights of the other defendants. The objection of the owner to the form of the judgment is that it is in conflict with a judgment rendered in cause No. 37230. The record does not show the judgment in that case, nor what was litigated therein; there being merely a bald statement in the objection to the judgment that in such cause "the matters mentioned in said paragraph were therein adjudicated; that said cause No. 37230 is by reference made a part of this motion as though herein fully set out; that said last mentioned judgment was rendered by the above entitled court on the 31st day of March, 1933."

In the case of *Beltran* v. *Roll, supra,* a very similar situation presented itself, and we said:

"We have held in this state that, when a pleading is tested by a demurrer as to its sufficiency, an exhibit, such as a contract or the like, attached to the pleading itself, and stated in the body of the pleading to be a part thereof, cannot be considered in determining the sufficiency of the pleading. It is only available for the purpose of enlarging and making more complete allegations which are legally sufficient in themselves, and which appear in the body of the pleading. *McPherson* v. *Hattich,* 10 Ariz. 104, 85 Pac. 731; *State* v. *Superior Court,* 14 Ariz. 126, 125

Pac. 707; *Greenlee County v. Cotey,* 17 Ariz. 542, 155 Pac. 302; *Connor Livestock Co.* v. *Fisher,* 32 Ariz. 80, 255 Pac. 996, 57 A. L. R. 196. If this be true of an exhibit which is actually attached to a pleading, much more is it true when the exhibit does not appear anywhere in the records of the instant case, but is to be found only in the record of some other case, or in another source of information. We hold, therefore, that, in determining the sufficiency of an affidavit of merits as well as that of any other pleading, it cannot be aided by reference to documents or records which are not a part thereof. . . . "

We are of the opinion that there was nothing before the trial court from which it appeared that the judgment which it rendered in this case in any manner affected rights granted defendant owner by any other judgment of the court.

The last question is whether the court erred in denying the lienees' motion to vacate the judgment. Since they were in default, and this default was never set aside, we are of the opinion that they were in no position to question the judgment itself unless it was void upon its face. By their motion to vacate they question the sufficiency of the complaint to support the judgment. We have examined the complaint, and are of the opinion that under the rules set forth in *Yuma County* v. *Hanneman,* 42 Ariz. 561, 28 Pac. (2d) 622, it does support the judgment. The judgment was not void on its face.

We have considered all the cases cited by counsel for defendants, but are of the opinion that on the facts as they appear above they have no bearing on the legal questions involved herein.

Summing the whole situation up, all of the defendants, with the exception of the owner, failed to appear and answer the complaint within the time allowed by law, and failed to make such a showing of excusable neglect that we can say affirmatively the

trial judge erred in refusing to set aside the default which had been properly entered against them. So long as that default stood, they were in no position to question any judgment rendered against them which was valid on its face. So far as the owner was concerned, he could assert only his own rights in any objections which he might make to the proceedings, and he has failed entirely to show that the judgment was, for any reason, improper as to him. We are satisfied that the court properly held that the right of the plaintiff to a foreclosure of her mortgage was superior to any right of the owner.

There are a number of other minor matters which appear in the record, but which are not necessary for us to discuss.

For the reasons stated aforesaid, the judgment of the superior court of Maricopa county is affirmed.

McALISTER and ROSS, JJ., concur.