236 P.2d 746

**MARSH et al. v. RISKAS.**
No. 5402.

Supreme Court of Arizona.
Oct. 22, 1951.

Rehearing Denied Nov. 20, 1951.

Norman F. Wykoff, Glendale, for appellants.

Lewkowitz & Wein and B. R. Lewkowitz, Phoenix, for appellee.

DE CONCINI, Justice.

The facts out of which this appeal arose are as follows: Appellants, Jack Marsh and Bill Rouse, as copartners and building contractors, filed a complaint against the defendant-appellee Riskas, alleging that there was a certain sum due them for work performed on behalf of the appellee. The complaint was filed on April 24, 1950. Summons was issued and returned by the sheriff showing personal service on defendant in Maricopa County on this same date. No answer was filed by defendant within the period prescribed by law. Application was made on May 27, 1950 in accordance with Rule 55(a), section 21–1205, A.C.A. 1939, for an entry of default and such default was entered by the clerk on the same day.

Appellee filed his unverified answer and counterclaim with the clerk on May 31, 1950. On June 1, 1950 a default judgment was entered against the defendant-appellee, but his pleadings were not with the clerk's file in the courtroom at that time.

On June 2, 1950, appellee by his attorneys, filed a "Motion, Notice and Petition to Vacate Judgment" and alleged only the following in their petition as reason for setting aside the judgment, that, "Through defendant's attorney's mistake, inadvertence and excusable neglect, defendant's attorney failed to file an answer within the time allowed". At the hearing on this motion on June 8, 1950, the trial court entered an order setting aside the default judgment entered on June 1st.

The action of the trial court in setting aside the default judgment forms the basis of this appeal. Appellants assign two errors of law for consideration of this court. The first relates to the petition in support of appellee's motion to vacate the judgment, in that it did not set forth any matters constituting mistake, inadvertence, suprise, or excusable neglect, but merely stated legal conclusions. The second error assigned is that the motion to vacate the judgment was ordered by the trial court notwithstanding the fact that the motion and its supporting petition did not set forth any facts showing that appellee had a substantial or meritorious defense. Since both errors can be supported by one proposition of law they will be treated together.

Rule 55(a), section 21–1205, A.C.A.1939, provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default."

This section provides only for an entry by the clerk that a party has failed to file his pleadings within the time allowed by law. Rule 55(c), section 21–1207, A.C.A. 1939, provides for setting aside either an entry of default or judgment by default for "good cause shown" or in accordance with Rule 60(b), section 21–1502, A.C.A.1939. Appellee relies on the latter as authority to sustain the trial court's action in vacating the default judgment.

 Appellee cites numerous Arizona cases, Brown v. Beck, 64 Ariz. 299, 169 P.2d 855; Michener v. Standard Accident Insurance Co., 46 Ariz. 66, 47 P.2d 438; Beltran v. Roll, 39 Ariz. 417, 7 P.2d 248; Dowdy v. Calvi, 14 Ariz. 148, 125 P. 873, among others, to the general effect that default judgments are not favored, since it does not result in a determination of the merits of a claim; that an appellate court should be more loathe to reverse an order vacating a default judgment than an order denying a motion; and their main contention, which is that the granting of such an order rests within the trial court's discretion and should not be set aside on appeal, except in the abuse of discretion. The court agrees in principle with the above propositions, but believes that the matters urged in support of said assignments of error conclusively show that there was an abuse of discretion on the part of the trial court.

Rule 7(b), section 21–402, A.C.A.1939, relates to "Motions and other papers" and reads in part as follows: " * * * shall be made in writing, shall state with particularity the grounds therefor * * *."

Barron and Holtzoff, Federal Practice and Procedure, page 405, Vol. 1, says, with regard to the above rule: "A motion must specify with particularity the grounds upon which the motion is based * * *."

In Swisshelm Gold Silver Co. v. Farwell, 59 Ariz. 162, 124 P.2d 544, 547, this court said: "Under section 21–1502, * * * as under section 3859, * * * we think it is necessary that a party asking to have a default judgment set aside, * * * must file with his motion a showing of mistake, inadvertence, surprise or excusable neglect, and an affidavit showing that the party has a substantial and meritorious defense, and of what it consists."

Again in Rogers v. Tapo, 72 Ariz. 53, 230 P.2d 522, 524, this court affirmed the Swisshelm case, saying: "As to excusable neglect the only showing made by defendant was contained in his motion and affidavit filed by counsel, which contains no facts but only a legal conclusion, as follows: '* * that if there was any neglect whatsoever on the part of the said defendant, Nick Tapo, or his counsel in this matter, it was through inadvertence and was excusable.' *It would constitute an abuse of discretion for a court to set aside a default judgment upon an ineffectual showing such as this,* *for, as a matter of law, this is no showing at all.*" (Emphasis supplied.)

We reaffirm the above propositions, and hold particularly that motions made under Rule 60(b), 21–1502, supra, must conform with the provisions of Rule 7(b), 21–402, supra, and set forth facts with sufficient particularity so that an appellate court can determine to its own satisfaction whether or not the trial court abused its discretion.

Appellee further contends that his answer and counterclaim were on file at the time the default judgment was set aside and that those pleadings showed that he had a meritorious defense. Since the answer and counterclaim were filed after entry of default without permission of the court they were not timely and as such have no standing. Furthermore they could not serve as a petition showing a meritorious defense, since the answer was unverified.

"Respondent's claim that the unverified answer of defendant supplies the place of an affidavit of merits cannot be sustained. * * * Obviously, a verified answer, being sworn to, is the equivalent of an affidavit. An unverified answer, not being sworn to, just as obviously is not such equivalent."

Pingree v. Reynolds, 23 Cal.App.2d 649, 73 P.2d 1266, 1267.

To affirm the trial court's action would mean its discretion would not be subject to review by this court. The mere re-

statement of the words of the code without setting out the defense relied upon is not sufficient. "An application to open, vacate, or set aside a judgment is within the sound legal discretion of the trial court and its action will not be disturbed by an appellate court except for a clear abuse of discretion. It is an abuse of discretion, however, to open or vacate a judgment where the moving party shows no legal ground therefor or offers no excuse for his own negligence or default."

Western Union Telegraph Co. v. Dismang, 10 Cir., 106 F.2d 362, 364.

The minute order of the trial court dated June 8, 1950, setting aside the judgment in favor of the plaintiff is reversed and the trial court is directed to reinstate plaintiff's judgment.

Reversed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.