**369 P.2d 666**

**LONG–CLEVELAND–HAYHURST & CO., MANAGING GENERAL AGENTS, an Arizona corporation, Appellant,**

**v.**

**Paul M. PETERSON et al., doing business under the style and firm name of Union Life & Casualty Writers, Appellees.**

**No. 6802.**

Supreme Court of Arizona,

In Division.

March 14, 1962.

Carl W. Divelbiss and Melvin J. Owens, Phoenix, for appellant.

Hughes & Steward, Phoenix, for appellees.

HENRY S. STEVENS, Superior Court Judge.

This matter comes to this Court on an appeal from a judgment of dismissal entered after the granting of a motion to dismiss which motion was filed after the entry of the default of the defendants.

The record reflects that after the service of the complaint and summons the defendants filed their answer. The plaintiff moved to strike the answer and on February 20, 1958, the motion was granted. Thereafter, no further pleadings having been tendered by the defendants, the plaintiff on the 24th day of March, 1958, requested and the Clerk entered the default of the defendants. On the same day plaintiff complied with Rule No. 55(b) 1,[1] Rules of Civil Procedure, A. R.S., by giving notice to the defendants and their attorneys of the entry of default and that on March 28th at a specified time and place the plaintiff would apply for judgment by default. On March 28, 1958, the defendants filed their motion to dismiss, the granting of which led to the judgment of dismissal and to this appeal.

The defendants did not seek to set aside the default. The motion and the memorandum in support of the motion made no reference to the default. The plaintiff urged upon the court that no action could be taken in the face of the default. The orders of the trial court made no reference to the default. The record presented to this Court reflects that the default is still in effect and has never been attacked nor vacated. In the case of Martin v. Sears, 45 Ariz. 414, 419, 44 P.2d 526, 528, the Supreme Court stated:

"So long as parties are in default, they have no right to participate in any further proceedings in the case, except a motion to set aside the default and petition for leave to appear and answer, or some similar matter not going to the plaintiff's right of action. * * * Such being the case, the demurrer was properly stricken."

This Court does not comment on the other questions raised on the appeal and the absence of such comment is not to be construed as a ruling one way or the other. Nor does this Court comment upon whether or not a trial court may vacate a default even though no motion to that effect has been presented.

It was reversible error to proceed in the face of the default. The judgment of December 5, 1958 and the order granting the motion to dismiss are vacated. This cause is remanded for such further proceedings as are appropriate.

UDALL, V. C. J., and LOCKWOOD, J., concurring.

1. " * * * If the party against whom judgment by default is sought has appeared in the action, he or, if appearing by representative, his representative, shall be served with written notice of the application for judgment at least three days prior to the hearing on such application."