459 P.2d 753

Johnnie Van Meter AUSTIN, formerly Johnnie Van Meter, wife of Paul Austin, as her sole and separate property; Donald Fitzwater, as his sole and separate property; Maxie Jane Luckett, as her sole and separate property; Marshall D. K. Fitzwater; Kidd McCoy Fitzwater; and Ruth Lytle Guess, Appellants,

v.

STATE of Arizona ex rel. Justin HERMAN, Director Arizona Highway Department, Appellee.

No. 2 CA–CIV 666.

Court of Appeals of Arizona.

Division 2.

Oct. 15, 1969.

Rehearing Denied Nov. 18, 1969.

Dunseath, Stubbs & Burch, by G. Eugene Isaak, Tucson, for appellants.

Gary K. Nelson, Atty. Gen., by Robert H. Schlosser, Asst. Atty. Gen., Phoenix, for appellee.

HOWARD, Judge.

This is an appeal from an order denying defendants' motion to set aside default and default judgment. On April 6, 1965, the plaintiff-appellee, State of Arizona, filed an action in eminent domain. In conjunction with the filing of the complaint the State had filed an affidavit of non-residence as to all the defendants except the defendant Ruth Lytle Guess. The affidavit of non-residence set forth the exact address of each of the defendants except as to the defendant Kidd McCoy Fitzwater. The only address given for him on the affidavit of non-residence was "U. S. Army, Korea." An Order to Show Cause for Immediate Possession was set for the 3rd day of May, 1965. An affidavit of unknown residence was filed as to the defendants Ruth Lytle Guess and Donald Fitzwater and they were duly served under the statutes authorizing service by publication. An affidavit of unknown residence was also filed with respect to the defendant Kidd McCoy Fitzwater but it was not notarized. Defendants Austin and Luckett were properly served by registered mail. The records disclose no service by registered mail on defendant Marshall D. K. Fitzwater.

On the date set for the hearing on the Order to Show Cause for Immediate Possession the records show that defendants Austin and Kidd McCoy Fitzwater were present in person but not by counsel; that the State called as a witness, William E. Lenahan, who was duly sworn and testified; that the "defendant" [sic] called as witness, Johnnie Van Meter Austin and Nellie Fitzwater who were each duly sworn and testified. In response to a letter dated

April 15, 1965, from the defendant Luckett, Judge Deddens in a letter dated April 22, 1965, wrote:

&ast; &ast; &ast; &ast; &ast; &ast;

"The order of the court determining the amount of the bond to be posted by the State of Arizona does not in any way prejudice the rights of the parties to litigate the matter and have the fair value of their property to be taken in the condemnation proceedings to be determined and fixed by a jury in a jury trial. If you wish to defend in a jury trial, you must, of course, employ local counsel to represent you. &ast; &ast; &ast;"

In an answer to the letter from Judge Deddens the defendant Luckett, in a letter to the Clerk of the Court dated April 29, 1965, stated:

"&ast; &ast; &ast; I am writing to notify you that I will be unable to appear at the preliminary hearing to be held on May 3, 1965.

I would like also to notify you that I do not have any objection to the State of Arizona obtaining immediate possession of the subject property that is my share, but I request that the amount of the value of the property sought that is my share, be sent to me. I trust in the jury to fix the fair value of the property. &ast; &ast; &ast;"

None of the defendants filed any answer in the proceedings and on July 1, 1965, default was entered against all of the defendants. On July 7, 1965, without any notice being given to any of the defendants, a hearing on the default was had before the court. None of the defendants was present at that hearing and judgment was entered on July 23, 1965, based on the testimony of the expert witness who testified on behalf of the State at the default hearing. The judgment was subsequently amended on August 13, 1965, and again on January 28, 1966, without notice to any of the defendants. On February 24, 1966, a final order of condemnation was filed in the action.

The questions presented on this appeal are as follows: (1) Was there proper service on defendants Marshall D. K. Fitzwater and Kidd McCoy Fitzwater? (2) Did the letter by defendant Maxie Jane Luckett constitute an appearance requiring notice of intention to apply for default judgment under Rule 55(b), Arizona Rules of Civil Procedure 16 A.R.S.? (3) Was the appearance of Austin and Kidd McCoy Fitzwater an appearance entitling them to three-day notice under Rule 55(b) of the Arizona Rules of Civil Procedure? (4) Can there be a default judgment in a condemnation action?

## WAS THERE PROPER SERVICE ON DEFENDANTS MARSHALL D. K. FITZWATER AND KIDD McCOY FITZWATER?

There is no showing in the record that a copy of the summons and complaint was ever mailed pursuant to Rule 4(e) (1), Arizona Rules of Civil Procedure, to defendant Marshall D. K. Fitzwater, whose address was known. For a judgment to be valid and binding the party affected must have been legally serve[1] with process or must have voluntarily appeared. McDonnell v. Southern Pacific Co., 79 Ariz. 10, 281 P.2d 792 (1955). A judgment is void if the court had no jurisdiction because of lack of proper service. Marquez v. Rapid Harvest Co., 99 Ariz. 363, 409 P.2d 285 (1965); Walter v. Northern Arizona Title Co., 6 Ariz.App. 506, 433 P.2d 998 (1967). Both the default judgment and entry of default against this defendant is without effect and the court erred in not setting them aside.

As for the defendant Kidd McCoy Fitzwater, it is not necessary for us to decide whether publication was a proper mode of service on him or whether or not the unsigned affidavit of non-residence rendered the service ineffective since, as will appear later, he made a "general appearance" and, therefore, waived defects in service. Liston v. Butler, 4 Ariz.App. 460, 421 P.2d 542 (1966).

## DID THE LETTER OF MAXIE JANE LUCKETT CONSTITUTE AN APPEARANCE?

The initial letter from defendant Luckett first stated that she had received the court orders of condemnation and would be unable to attend the hearing on the Order to Show Cause for Immediate Possession set for May 3, 1965. The letter then states:

"* * * I would also like to ask if you have any available or might obtain any information relating to my father's estate. He died intestate, July, 1946, and I have never received any property or moneys [sic] from his estate. I am the next to eldest heir, my brother being the eldest.

Would you be so kind as to send or notify me of anything I might need to know? If I have any property or anything of value bequeathed to me, I would like to know. * * *"

Arizona recognizes that at times there may be an appearance without following formal procedures. In McClintock v. Serv-Us Bakers, 103 Ariz. 72, 436 P.2d 891 (1968), the appearance was in the form of a letter by the employer-garnishee denying any indebtedness. The court in holding that the letter was a sufficient appearance to require notice of application for default judgment to be given to the garnishee, quoted with emphasis the following statement from 5, Am.Jur.2d, Appearances, § 14, p. 491:

"In determining the character of an appearance, the court will always look to matters of substance rather than form, and a party's conduct, as well as other circumstances are to be considered in determining whether he has actually appeared." (103 Ariz. at 74, 436 P.2d at 893).

The court in the McClintock case also cites the case of Dalminter, Inc. v. Jesse Edwards, Inc., 27 F.R.D. 491 (S.D.Texas 1961), which case the appellants cite for the proposition that the correspondence of defendant Luckett constitutes an appearance in this case. In the Dalminter case the court held that a letter from the defendant in question mailed to plaintiff's counsel in answer to a summons requiring the defendant to serve an answer upon plaintiff's counsel, constituted an appearance. This was because the summons specifically required the defendant, acting by a layman, to file the answer upon the attorney for the plaintiff. In addition, the language of defendant's letter in that case clearly showed an intent to make an appearance. In Anderson v. Taylorcraft, Inc., 197 F.Supp. 872 (W.D.Pa.1961), the federal court in deciding whether or not a letter constitutes an appearance made the following observation at 197 F.Supp. 874:

"An appearance is ordinarily an overt act by which a party comes into court and submits himself to its jurisdiction. 6 C.J. S. Appearances § 1. It is an affirmative act requiring knowledge of the suit and an intention to appear. '[A]n appearance is always a matter of intention, and it is not to be inferred, except as the result of acts from which an intent may be properly inferred.' Durabilt Steel Locker Co. v. Berger Manufacturing Co., D.C.N.D.Ohio E.D.1927, 21 F.2d 139, 140; 6 C.J.S. Appearances § 12, p. 19. ' "Broadly stated, any action on the part of defendant, except to object to the jurisdiction over his person which recognizes the case as in court, will constitute a general appearance * * *"; but, "although an act of defendant may have some relation to the cause, it does not constitute a general appearance, if it in no way recognizes that the cause is properly pending or that the court has jurisdiction, *and no affirmative action is sought from the court.*"' * * * Pellegrini v. Roux Distributing Co., 170 Pa. Super. 68, 84 A.2d 222, 224; 6 C.J.S. Appearances § 13." (Emphasis in originals)

■ In the instant case, the correspondence of defendant Luckett clearly indicates that she did not intend to make an appearance in this case. We hold that the correspondence of defendant Luckett did not constitute an appearance.

478

## DID DEFENDANTS AUSTIN AND KIDD McCOY FITZWATER MAKE AN APPEARANCE ENTITLING THEM TO NOTICE UNDER RULE 55(b)?

■ The mere physical presence of a party in the courtroom during some phase of the proceedings does not constitute an appearance. Smith v. Gadd, 280 S.W.2d 495 (Ky.1955); Fulton v. Ramsey, 67 W. Va. 321, 68 S.E. 381 (1910). However, there was more than mere presence in this case.

■ The record shows that both defendants appeared at the Order to Show Cause, called a witness to testify on their behalf and defendant Austin also testified in her own behalf as to the value of the property. Rule 55(b) (1) provides, in part:

"* * * If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least three days prior to the hearing on such application."

The record in this case shows that no such notice was given these defendants.

■ If a party does any act which recognizes the case as in court such as asking for affirmative relief, he has made an appearance. See Anderson v. Taylorcraft, Inc., supra.

■ An appearance is effected by introducing evidence and examining witnesses. Blackmer v. United States, 49 F. 2d 523 (1931), affirmed, 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed. 375 (1932); Ebenezer Baptist Church v. Barber, 14 N.J.Misc. 192, 183 A. 469 (Dist.Ct.1936); Poage v. Co-Operative Pub. Co., 57 Idaho 561, 66 P.2d 1119, 110 A.L.R. 1322 (1937).

Having presented testimony at the Order to Show Cause for Immediate Possession and having actively participated in the issue of the amount of the bond by the testimony, we believe that these defendants did request affirmative action from the court, and recognized the case as properly pending and by their acts made an appearance.

■ The failure to give the three-day notice to these defendants constitutes a deprivation of due process of law and the default judgment as to these defendants is void. McClintock v. Serv-Us Bakers, supra.

## CAN THERE BE A DEFAULT JUDGMENT IN A CONDEMNATION ACTION?

The appellants next contend that in Arizona a condemnee is not required to file an answer to the complaint and is always entitled to a trial by jury. As authority they cite the Arizona Constitution, Article 2, § 17, A.R.S., the pertinent part of which reads as follows:

"* * * which compensation shall be ascertained by a jury, unless a jury be waived as in other civil cases in courts of record, in the manner prescribed by law. * * *"

The appellants then assert that the entry of default and default judgment as to all the appellants should be set aside in view of the Arizona Constitution. In effect, the appellants want this court to hold that there can never be a default judgment in a condemnation case. We are not inclined to so hold since such a result is not compelled by law or reason.

■ There is no distinction between a right to a jury trial in a condemnation case and the right to a jury trial in other civil actions. State ex rel. Herman v. Southern Arizona Land Company, 5 Ariz. App. 139, 424 P.2d 181 (1967). In fact, Article 2, § 17 provides that it can be waived as in other civil actions. Failure to demand a jury trial as required by 38(b) of the Rules of Civil Procedure constitutes a waiver of a jury trial. Defendants Donald Fitzwater, Luckett and Guess have failed to appear whatsoever and, therefore, waived any right to a jury trial. In addition, we do not take the view that the Constitution eliminates the necessity of an answer. It does no more than give

the landowner a right to a jury trial in condemnation actions. Appellants cite cases from other jurisdictions for the proposition that one cannot be defaulted for failure to file an answer. We, however, do not perceive that to be the law in Arizona.

A.R.S. § 12–1119 sets forth what the summons in a condemnation action shall contain and among other things requires that it contain the following:

"5. Notice to the defendants to *appear and show cause why* the property described should not be condemned as prayed for in the complaint.

B. The summons in all other particulars shall be as provided in civil actions, and shall be served in like manner." (Emphasis added)

Rule 4(b) of the Rules of Civil Procedure contains some of the "other particulars" that are referred to in A.R.S. § 12–1119, to-wit:

" * * * [T]he time within which these Rules require the defendant to appear and defend, and shall notify him that in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the complaint."

We find further support in A.R.S. § 12–1120:

"All persons occupying, or having or claiming an interest in any of the property described in the complaint, or in the damages for the taking thereof, though not named, may *appear, plead and defend* in respect to his property or interest, or that claimed by him, as if named in the complaint." (Emphasis added)

In view of the foregoing, we hold that an answer is required in Arizona in a condemnation case and that default may be entered for failure to answer. The entry of the default constitutes a judicial admission of the plaintiff's right to take the property involved, Postal Benefit Ins. Co. v. Johnson, 64 Ariz. 25, 165 P.2d 173 (1946), but not of the amount of damages due the condemnee which may be contested at the default hearing, 3 Barron & Holtz-off, Federal Practice and Procedure, § 1216, at 86; 6 Moore's Federal Practice, § 55.07, at 1822 (2d ed. 1953); 49 C.J.S. Judgments § 201c, at p. 358.

Although the defendants Austin and Kidd McCoy Fitzwater made an appearance sufficient to require notice of application for default judgment under 55(b), it did not constitute a sufficient answer to prevent entry of default.

Defendants Luckett, Guess and Donald Fitzwater, having failed to show to the lower court any excuse or legal reason pursuant to Rule 55(c) of the Rules of Civil Procedure for their failure to answer or appear, the judgment of the lower court is affirmed as to them. Judgment is reversed as to the defendant, Marshall D. K. Fitzwater and the trial court is directed to set aside the entry of default and default judgment as to him; and judgment is reversed as to defendants Austin and Kidd McCoy Fitzwater and the trial court is directed to set aside the default judgment only as to these defendants.

KRUCKER, C. J., and HATHAWAY, J., concur.