QUAKER FURNITURE HOUSE, INC. v. EMIL BALL, INDIVIDUALLY
AS GENERAL PARTNER, AND SPANISH INNS CHARLOTTE, LTD.,
A NORTH CAROLINA LIMITED PARTNERSHIP

No. 7625SC347

(Filed 6 October 1976)

**Rules of Civil Procedure §§ 5, 12, 55— mailing of answer within time allowed — entry of default and default judgment improper**

Where defendants' answer was served on plaintiff by deposit in the mail on the last day of the thirty-day period for service of the answer but plaintiff and the clerk did not receive the answer until three days later, by which time an entry of default and a default judgment had been entered against defendants, the trial court properly set aside the default judgment, since (1) G.S. 1A-1, Rule 5(d), does not state a time within which all pleadings subsequent to the complaint must be filed with the court; (2) defendants complied with the requirement of G.S. 1A-1, Rule 12(a)(1), that answer be served within 30 days after service of summons and complaint; and (3) service of an answer is both a pleading and an appearance for the purpose of G.S. 1A-1, Rule 55, which provides that a defendant's default can be entered only if he has failed to plead, and default judgment may be entered only if a defendant has failed to appear.

APPEAL by plaintiff from *Kirby, Judge.* Order entered 10 February 1976 in Superior Court, CATAWBA County. Heard in Court of Appeals 2 September 1976.

This is a civil action wherein the plaintiff, Quaker Furniture House, Inc., seeks to recover from the defendants, Emil Ball and Spanish Inns Charlotte, Ltd., the principal sum of $22,929.10 plus interest from 23 May 1975.

The action was commenced on 24 October 1975, and service of process was duly had upon the defendants on 30 October 1975. The last day of the thirty-day period for service of the answer was Monday, 1 December 1975, and the answer was served on the plaintiff that day by deposit in the mail.

On 2 December 1975 plaintiff filed with the clerk an affidavit and request to enter default, and on that day the clerk entered an entry of default and a default judgment against the defendants in the amount of $22,929.10 plus eleven percent interest from 23 May 1975. On 4 December 1975 plaintiff received in the mail the original answer and on that same date the clerk received and filed a copy of the answer.

On 10 February 1976 defendants moved that the default judgment be set aside. From an order of the court granting the motion, plaintiff appealed.

*Corne & Pitts by Larry W. Pitts for plaintiff appellant.*

*Craighill, Rendleman & Clarkson by Francis O. Clarkson, Jr., for defendant appellees.*

HEDRICK, Judge.

Plaintiff assigns as error the order of the trial court setting aside the default judgment. Plaintiff concedes that service of the answer was had upon it within the thirty-day period after service of the summons and complaint prescribed by G.S. 1A-1, Rule 12(a)(1), but argues that the portion of G.S. 1A-1, Rule 5(d) which provides, "All pleadings subsequent to the complaint shall be filed with the court," entitles it to a default judgment since the answer was not filed with the court until some thirty-five days after service of the summons and complaint. We do not agree.

Under G.S. 1A-1, Rule 55 a defendant's default can be entered only if he "has failed to plead or is otherwise subject to default," and a default judgment can be entered by the clerk only if the defendant has failed "to appear." We hold that service of the answer is both a "pleading" and an "appearance" for the purpose of Rule 55.

G.S. 1A-1, Rule 12(a)(1) provides in part: "[A] defendant shall *serve* his answer within 30 days after service of the summons and complaint upon him." (Emphasis added.) Rule 12(a)(1) requires only that the defendant *serve* his answer within thirty days. There is nothing in Rule 5(d) that requires the defendant to file his answer with the court within thirty days as well. Rule 5(d) does not provide any period in which the filing must take place.

Although the trial court has discretion under certain circumstances to set aside an entry of default under G.S. 1A-1, Rule 55(c) and a default judgment under G.S. 1A-1, Rule 60(b), we are of the opinion that the trial court in setting aside the default judgment correctly concluded that since the defendants had served their answer on the plaintiff within thirty days after they had been served with the summons and

complaint, the judgment had been "entered inadvertently and is void and of no legal effect." G.S. 1A-1, Rule 60(b)(4).

The order appealed from is

Affirmed.

Judges MORRIS and ARNOLD concur.