680 P.2d 200

**Theresa R. ANDERSON, as Administrator of the Estate of Jessie L. Rial, deceased, Plaintiff-Appellant,**

**v.**

**Richard A. WILSON, Personal Representative of the Estate of Fred O. Wilson, deceased, Defendant-Appellee,**

**Valley National Bank of Arizona, a national banking association, Garnishee-Appellee.**

**No. 1 CA–CIV 6261.**

Court of Appeals of Arizona, Division 1, Department B.

March 27, 1984.

Platt & Hall, P.C. by Theron M. Hall, Jr., St. Johns, for plaintiff-appellant.

Jack C. Cavness, Phoenix, and Warner G. Leppin, Winslow, for defendant-appellee.

Gust, Rosenfeld, Divelbess & Henderson by Nicholas W. O'Keeffe James B. Wright, Phoenix, for garnishee-appellee.

## OPINION

FROEB, Judge.

We must decide in this case whether the trial court was correct in setting aside a judgment by default. We find no basis for setting aside the judgment and therefore the order is reversed.

The administrator of the estate of Jessie L. Rial, C.V. Anderson, filed a complaint for legal malpractice against the attorney for the estate, Fred O. Wilson.[1] In it, Anderson alleged negligence by Wilson in the handling of a certain transaction on behalf of the estate.

Wilson did not file a timely answer to the complaint and default was entered against him on May 23, 1978.

On July 31, 1978, a judgment by default in the principal amount of $18,000, plus interest and costs, was signed by the trial judge, but it was not filed with the clerk of the superior court until August 2, 1978. Also on July 31, 1978, Wilson purported to file an "answer" to the complaint, although his default had been entered approximately two months earlier.

Twenty-six months thereafter, on September 8, 1980, Wilson filed a motion to set aside default judgment. The motion was granted on August 13, 1981, and this appeal followed.

One ground raised in the trial court to set aside the judgment was the claimed lack of capacity of C.V. Anderson to file suit as administrator of the estate. On appeal Anderson argues that Wilson did not timely raise the issue of Anderson's capacity to so act. He contends that the issue of capacity must be raised either by motion before answer or as an affirmative defense in the answer. We agree. Failure to timely raise the issue constitutes a waiver. Rule 9(a), Arizona Rules of Civil Procedure; *Hurt v. Superior Court of Arizona*, 124 Ariz. 45, 601 P.2d 1329 (1979); *Ballard v. Lawyers Title of Arizona*, 27 Ariz.App. 168, 552 P.2d 455 (1976).

Another ground asserted by Wilson in the trial court to set aside the judgment relates to rule 55(b)(2), Rules of Civil Procedure. In particular, Wilson's claim is that he was entitled to a hearing on three days' notice as provided by the rule because he had "appeared" by filing the untimely answer. The text of rule 55(b) is as follows:

Judgment by default. Judgment by default may be entered as follows:

1. *By motion.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the court upon motion of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person.

2. *By hearing.* In all other cases the party entitled to a judgment shall apply to the court therefor, but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he or, if appearing by representative, his representative, shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. If, in order to enable the court to

1. Both C.V. Anderson, the original administrator of the estate of Jessie L. Rial, and Fred O. Wilson are now deceased. The parties named in the present caption were substituted as parties per order of this court filed January 24, 1984.

enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when required by law.

Specifically, Wilson contends that his "answer" filed two days before entry of the formal written judgment was an appearance within rule 55(b)(2), and failure to provide him with notice of hearing required by the rule rendered the judgment null and void.

■ On appeal, Anderson argues that the untimely answer, filed after Wilson's default had been entered, was not an appearance within rule 55(b)(2) and gave Wilson no right to notice before default judgment was entered.

■ Anderson is correct. When a party is defaulted he has no right to participate in any further proceedings in the case, except to file a motion to set aside the default and petition for leave to appear and answer. *Long-Cleveland-Hayhurst & Co. v. Peterson*, 91 Ariz. 47, 369 P.2d 666 (1962); *Martin v. Sears*, 45 Ariz. 414, 44 P.2d 526 (1935). Therefore, Wilson's proposed answer did not constitute an appearance and it did not give him the right to notice of a hearing on damages.

Anderson also contends that the motion to set aside the default judgment was untimely when made more than twenty-six months after entry of judgment. He bases this argument upon the provision of rule 60(c), Rules of Civil Procedure, which requires that the motion be filed within a reasonable time. We need not reach this question, except to note that Wilson did not respond to the argument in his answering brief.

■ As a final matter, garnishee-appellee Valley National Bank filed a reply brief stating that it has paid its former indebtedness to Wilson by paying on the judgment against garnishee, and requesting that it be dismissed from the appeal. Since neither Anderson nor Wilson objects to the request, it is ordered that Valley National Bank be dismissed from the appeal.

For the reasons set forth, the order setting aside the default judgment is reversed.

KLEINSCHMIDT, J., concurs.

MEYERSON, Presiding Judge, dissenting:

I dissent. The majority's narrow interpretation given to the term "appeared" in Rule 55(b)(2) is incorrect.

In my opinion, the late filing of an answer can constitute an appearance under Rule 55(b)(2). Arizona courts have followed the majority rule and recognized that an appearance can be any action by which a party comes into court and submits himself to its jurisdiction. *National Homes Corp. v. Totem Mobile Home Sales, Inc.*, 140 Ariz. 434, at 437, 682 P.2d 439 at 442 (1984) (quoting from *Austin v. State ex rel. Herman*, 10 Ariz.App. 474, 477, 459 P.2d 753, 756 (1969)). The filing of an answer is uncontrovertable evidence of a party's intention to submit to the jurisdiction of the court. Rule 5(e). "[I]t has been uniformly held that where the party against whom a default judgment is sought has entered or filed a pleading relating to the cause, such as a complaint or an answer, he has 'appeared' in the action within the meaning of Rule 55(b)(2)." Annot., 27 A.L.R.Fed. 620, 624 (1976). *See also Quaker Furniture House, Inc. v. Ball*, 31 N.C.App. 140, 228 S.E.2d 475 (1976); *Hood v. Haynes*, 7 Kan.App.2d 591, 644 P.2d 1371 (1982); *see generally* Annot., 73 A.L.R.3d 1250 (1976).

Federal courts have also consistently adhered to a liberal interpretation of what constitutes an appearance under Rule 55(b)(2). *See 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure* § 2686 (1983). In interpreting this rule, the court of appeals in *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder*

*Loepfe,* 432 F.2d 689 (D.C.Cir.1970), emphasized that the "policy underlying the modernization of federal procedure, namely, the abandonment or relaxation of restrictive rules which prevent the hearing of cases on their merits, is central to this issue." *Id.* at 691. The court stated:

> Given this approach, the default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.... The notice requirement contained in Rule 55(b)(2) is, however, a device intended to protect those parties who, although delaying in a formal sense by failing to file pleadings within the twenty-day period, have otherwise indicated to the moving party a clear purpose to defend the suit.

*Id.*

Nor am I persuaded that the timing of a defendant's appearance is dispositive of notice requirements under Rule 55(b)(2). I believe that the majority's conclusion that once default has been entered under Rule 55(a), the defendant has no right to file an answer or make any other appearances other than a request to set aside the default is an unduly restrictive interpretation of the rule. I find no language in the rule itself that mandates such a result, nor do I think this result furthers the policy favoring resolution of disputes on their merits. Additionally, I am unconvinced that the cases relied on by the majority dictate such a result. The notice requirement of Rule 55(b)(2) was simply not at issue before the court in either the *Martin* or *Long-Cleveland-Hayhurst & Co.* cases relied upon by the majority. *Martin* was decided under the default procedures set forth in the Revised Code of 1928. And in *Long-Cleveland-Hayhurst & Co.,* the defendant had, in fact, received three days notice of the application for default judgment. Rather, the issue presented in both cases was whether the defendant, against whom a default had been entered, could, at that stage, defeat the plaintiff's entire cause of action by filing a demurrer or a motion to dismiss the complaint without first moving to set aside the default. To me, these cases merely signify that the trial court cannot dismiss the plaintiff's complaint without first setting aside the default.