690 P.2d 90

Betty A. TARR, a widow, Petitioner,

v.

The SUPERIOR COURT of Arizona, In and For the COUNTY OF PIMA, and The Honorable William N. Sherrill, Judge thereof, Respondents,

and

J.R. "Jona" JENSEN and Jensen & Jensen General Contractors, Real Parties in Interest.

No. 2 CA–SA 065.

Court of Appeals of Arizona, Division 2.

June 19, 1984.

Scott & Renneckar by Kirk S. Cookson, Tucson, for petitioner.

Gerard Anderson, Tucson, for real parties in interest.

## OPINION

BIRDSALL, Chief Judge.

██ Petitioner brought this special action from an order of the trial court vacating a default judgment petitioner had obtained against the real parties in interest. Because the order is not appealable, *see Shemaitis v. Superior Court,* 114 Ariz. 288, 560 P.2d 806 (App.1976), and because

we disagree with the majority opinion in *Anderson v. Wilson,* 140 Ariz. 64, 680 P.2d 200 (App.1984), we accept jurisdiction. However, since we find the trial court did not abuse its discretion, we deny relief.

The facts show that petitioner filed a complaint on November 7, 1983, against the real parties in interest Jensen and others for breach of contract. Jensen was served on the same date. On November 29, 1983, the default of the real parties in interest was entered for failure to answer within 20 days. On December 2, an answer and counterclaim was filed by the real parties in interest. After a hearing, default judgment against the real parties in interest was entered on December 5. Petitioner's counsel received the answer and counterclaim on December 6. On February 2, 1984, a default was entered against petitioner on the purported counterclaim. On February 10 petitioner moved to set aside that default and that matter is apparently pending in the trial court. However, on March 1 the real parties in interest moved to set aside the default and to vacate the judgment entered against them. A hearing was held on March 12, and on April 9 the respondent court ordered that the default judgment obtained by petitioner be vacated. This special action followed.

The motion to vacate default judgment and set aside the default filed by the real parties in interest was made pursuant to Rule 60(c). It alleged, in part, that notice of intent to take the default judgment should have been given pursuant to Rule 55(b), Arizona Rules of Civil Procedure, 16 A.R.S. The respondent court relied on Rule 55(b) in its minute entry order vacating the default judgment. Rule 55(b)(2) states in part:

> ... If the party against whom judgment by default is sought has appeared in the action, he or, if appearing by representative, his representative, shall be served with written notice of the application for judgment at least three days prior to the hearing on such application....

The respondent court found that the filing of an answer, even though it was filed

after default had been entered, constituted an appearance by the real parties in interest. The court further found that since the answer was filed prior to the entry of the default judgment, the failure of the petitioner to comply with the notice requirement of Rule 55 prevented her from taking the default judgment.

We first note that the trial court did not vacate the entry of default, apparently believing that no excusable neglect had been shown. The only reason given by the real parties in interest for the late filing of their answer is that they were dilatory in getting the complaint to their attorney and when they did give it to him, the intervening Thanksgiving weekend caused additional delay and contributed to the late filing. However, no explanation was given for why the real parties in interest were so late contacting their attorney in the first instance. The general test for what is excusable is whether the inadvertence is such that might be the act of a reasonably prudent person under the same circumstances. *Coconino Pulp and Paper Company v. Marvin*, 83 Ariz. 117, 317 P.2d 550 (1957). The motion to vacate is devoid of any reasonable excuse for answering late. We think the trial court acted properly in refusing to rely on Rule 60(c) for vacating the default.

The only question remaining then is whether the late filing of the answer is an appearance under Rule 55(b) entitling the real parties in interest to the three-days' notice of a hearing prior to a judgment being entered. We hold that it is such an appearance and deny relief.

The Division One opinion in *Anderson, supra,* was filed after the case *sub judice* was at issue, and the parties did not have the benefit of that decision. We first address the authorities cited by the parties. The petitioner relies on *Marsh v. Riskas*, 73 Ariz. 7, 236 P.2d 746 (1951). Although the facts of that case are similar, the opinion does not discuss the notice requirement of Rule 55(b)(2). Nothing in the opinion suggests that the question presented here was argued in *Marsh*. In *Marsh*, default was

entered May 27, 1950 for failure to answer. On May 31 the defendant filed an untimely answer. The next day, default judgment was taken. On June 2 a motion to vacate judgment was filed, and the trial court granted the motion. The supreme court found an abuse of discretion on the part of the trial court because the motion did not set forth any facts constituting mistake, inadvertence, surprise or excusable neglect, but merely stated legal conclusions.

Regarding the untimely answer, the court said only:

> Appellee further contends that his answer and counterclaim were on file at the time the default judgment was set aside and that those pleadings showed that he had a meritorious defense. Since the answer and counterclaim were filed after entry of default without permission of the court they were not timely and as such have no standing. 73 Ariz. at 10, 236 P.2d 746.

The real parties in interest refer us to *City of Phoenix v. Collar, Williams & White Engineering, Inc.*, 12 Ariz.App. 510, 472 P.2d 479 (1970) and *McClintock v. Serv-Us Bakers*, 103 Ariz. 72, 436 P.2d 891 (1968), neither of which involve the filing of an untimely answer after default has been entered. *McClintock* holds that the filing of letters denying liability in answer to a writ of garnishment was a sufficient appearance to trigger the notice requirement of Rule 55. However, the opinion notes that the letters were filed within the time allowed to answer the writ.

*McClintock* cites two earlier Arizona cases, *Phoenix Metals Corporation v. Roth*, 79 Ariz. 106, 284 P.2d 645 (1955) and *Rogers v. Tapo*, 72 Ariz. 53, 230 P.2d 522 (1951). In *Rogers*, the court held that a motion for security for costs coupled with payment of an appearance fee constituted a sufficient appearance to entitle the party to the Rule 55 notice. Again, however, the facts related in the opinion show that the motion was filed within the 20 days allowed for answer. In *Roth*, a timely answer was filed but the clerk attached it to the wrong file.

In *Austin v. State ex rel. Herman,* 10 Ariz.App. 474, 459 P.2d 753 (1969), our court held, in part, that defendants in a condemnation proceeding whose default was entered for failure to file an answer had nevertheless made an "appearance" requiring notice of the hearing on the amount of damages to which they were entitled. In *Austin,* the defendants had appeared in person at the Order to Show Cause for Immediate Possession. At that hearing they called two witnesses to testify and one of the defendants testified. No sufficient notice of the subsequent damage hearing was given them pursuant to Rule 55(b). Our court found that their participation in the first hearing on the application for immediate possession constituted an appearance because, by their conduct, they requested affirmative action from the court and recognized the case as properly pending. Although our court directed the trial court to set aside the default judgment, we held that the "appearance" did not constitute a sufficient answer to prevent the entry of default. The *Austin* opinion relies upon *Anderson v. Taylorcraft, Inc.,* 197 F.Supp. 872 (W.D.Pa.1961), a federal district court decision discussing the acts necessary to constitute an appearance under comparable Federal Rule 55(b)(2). In the quotation from that decision appearing in *Austin,* an appearance is defined as generally submitting to the jurisdiction of the court in a manner showing knowledge of the suit and an intention to appear. The answer filed in the instant case, even though untimely, satisfies this criteria. *See also* 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 2686 (1983); 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice, ¶ 55.05 (2d ed.1983).

Turning now to *Anderson v. Wilson, supra,* we find the dissent of Judge Meyerson most persuasive. As the dissent points out, the Arizona decisions cited by the majority are not on point. *See Long-Cleveland-Hayhurst & Co., Managing General Agents v. Peterson,* 91 Ariz. 47, 369 P.2d 666 (1962) and *Martin v. Sears,* 45 Ariz. 414, 44 P.2d 526 (1935). Neither decided

the question whether a late answer filed after default, but before judgment, constituted an appearance requiring Rule 55(b)(2) notice.

A case directly in point is *United Accounts, Incorporated v. Lantz,* 145 N.W.2d 488 (N.D.1966), wherein the defendant failed to answer within the prescribed time but did answer before the plaintiff made application for default judgment. The Supreme Court of North Dakota held the answer constituted an appearance entitling the defendant to notice of the application for judgment. Affirming an order vacating the default judgment because of the failure to give such notice, the court first observed that, by failing to take any action within the statutory period or to request an extension of time in which to plead to the complaint, the defendant had clearly placed himself in default and the plaintiff had, at that point, been entitled to apply for a judgment by default without notice to the defendant. However, as to the question of whether that situation was altered by the defendant's ultimate, though untimely, service of an answer before the plaintiff applied for judgment, the court said that the service of an answer to a complaint invokes the authority of the court to determine a controversy on its merits and constitutes a general appearance when that answer, as in the instant case, does not object to the jurisdiction of the court. Accordingly, the court held that although the answer had been served after the expiration of the specified time, and even though no enlargement of time was obtained, it nevertheless constituted an appearance under the rules and the plaintiff was, therefore, required to serve the defendant with notice of the application for judgment by default. We agree with this reasoning and adopt it here. *See also* Annot. 73 A.L.R. 3d 1250 (1976).

In *Dungan v. Superior Court in and for the County of Pinal,* 20 Ariz.App. 289, 512 P.2d 52 (1973), in discussing the right of a defaulted party to participate in a default judgment hearing, this court em-

phasized the importance of our adversary system of justice saying:

> ... It is well-settled in this jurisdiction that, as to setting aside default judgments, all doubts should be resolved in favor of a trial on the merits. [citations omitted] We conceive that the same principle should apply to a hearing under Rule 55 as to the amount of damages. 10 Ariz.App. at 290–291, 512 P.2d 52.

We believe those observations are appropriate in the instant case and that the trial court properly granted the motion to set aside the default judgment.

Relief denied.

HOWARD and HATHAWAY, JJ., concur.