690 P.2d 68

**Betty A. TARR, a widow, Petitioner,**

**v.**

**SUPERIOR COURT of Arizona, In and For the COUNTY OF PIMA, and The Honorable William N. Sherrill, Judge thereof, Respondents,**

**and**

**J.R. "Jona" JENSEN and Jensen & Jensen General Contractors, Real Parties in Interest.**

**No. 17652–PR.**

Supreme Court of Arizona, In Banc.

Oct. 31, 1984.

Scott & Renneckar by Kirk S. Cookson, Tucson, for petitioner.

Gerard Anderson, Tucson, for real parties in interest.

CAMERON, Justice.

Plaintiff, Betty Ann Tarr, brought this petition for review of an opinion and decision of Division Two of the Court of Appeals. We have jurisdiction pursuant to Ariz. Const. Art. 6, § 5(3) and Rule 23, Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

We must decide the following issue:

Does a purported answer, filed after an entry of default but before application for a default judgment, constitute an appearance entitling the defaulting party to notice of default judgment under Arizona Rules of Civil Procedure, Rule 55(b)(2)?

The facts necessary for a disposition of the issue follow. On 7 November 1983 plaintiff filed an action for breach of contract and misrepresentation in Pima County Superior Court against J.R. Jensen and Jensen & Jensen General Contractors, the defendants. Defendants failed to answer within the twenty days required by Rule 12(a) of the Arizona Rules of Civil Procedure, 16 A.R.S., and on 29 November a default was entered against them.

On 2 December, defendants filed an answer and counterclaim. A default judgment was entered against defendants on 5 December. Defendants moved, on 1 March 1984, to set aside the default and to vacate the default judgment. The trial court vacated the default judgment but refused to set aside the entry of default. Plaintiff then filed a petition for special action in Division Two of the Court of Appeals. The court accepted jurisdiction and affirmed the trial court action. *Tarr v. Superior Court,* 142 Ariz. 371, 690 P.2d 90 (App.1984). In so doing, Division Two held contrary to a decision of the Court of Appeals, Division

One, *Anderson v. White*, Ariz. (App.1984) (Meyerson, J., dissenting). We took jurisdiction to resolve the conflicting positions of the two Divisions of the Court of Appeals.

Rule 55 states:

(a) * * * When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these Rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

▆▆▆ Rule 55 is a severe remedy. When a default is entered, a defaulted party loses all rights to litigate the merits of the cause of action. A default does not, however, prevent one who has been defaulted from appearing in the action. As our Court of Appeals has noted:

[O]nce a defaulted defendant has made a motion under the provisions of Rule 55(b)2, Rules of Civil Procedure, 16 A.R.S., it is the duty of the trial court to allow such defendant full participation on the damage issue when such damages are unliquidated.

*Cook v. Steiner*, 22 Ariz.App. 505, 505, 528 P.2d 1264, 1264 (1975). Rule 55(b)(2) states:

* * * In all other cases the party entitled to a judgment shall apply to the Court therefor, * * *. If the party against whom judgment by default is sought has appeared in the action, he, * * *, shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. * * *

The notice requirement of subsection (b)(2) furnishes some protection to those litigants who have submitted themselves to the jurisdiction of the court by making an appearance to contest the entry of default or, in an unliquidated case, introduce evidence concerning the extent of their liability. *See Neis v. Heinsohn/Phoenix, Inc.*, 129 Ariz. 96, 101, 628 P.2d 979, 984 (App.1981).

▆▆▆ Because of the desirability of deciding cases on the merits rather than on the pleadings, courts have construed the term "appearance" liberally. Our Court of Appeals has stated that "any action on the part of defendant, except to object to the jurisdiction over his person which recognizes the case as in court, will constitute a general appearance * * *." *Austin v. State ex rel. Herman*, 10 Ariz.App. 474, 477, 459 P.2d 753, 756 (1969). Furthermore, we have found that a defendant "appeared" even though formal procedures were not followed. For instance, we have held that a letter written by the employer-garnishee denying indebtedness was an appearance. We stated that

In determining the character of an appearance, the court will always look to matters of substance rather than form, and a party's conduct, as well as other circumstances are to be considered in determining whether he has actually appeared.

*McClintock v. Serv-Us Bakers*, 103 Ariz. 72, 74, 436 P.2d 891, 893 (1968).

The Court of Appeals, Division One, in Anderson v. Wilson, supra, has stated, however, that a late answer does not constitute an appearance. Citing *Long-Cleveland-Hayhurst & Co. v. Peterson*, 91 Ariz. 47, 369 P.2d 666 (1962) and *Martin v. Sears*, 45 Ariz. 414, 44 P.2d 526 (1935), the court stated that this late answer did not constitute an appearance because: "[w]hen a party is defaulted he has no right to participate in any further proceedings in the case, except to file a motion to set aside the default and petition for leave to appear and answer."

▆▆▆ We disagree with the majority opinion in Anderson, supra, and agree with the dissent, which reads as follows:

In my opinion, the late filing of an answer can constitute an appearance under Rule 55(b)(2). Arizona courts have followed the majority rule and recognized that an appearance can be any action by which a party comes into court and submits himself to its jurisdiction. *National Homes Corp. v. Totem Mobile Home Sales, Inc.*, [140 Ariz.App. 434, at 437, 682 P.2d 439 at 442] (Ariz.App.1984) (quoting from *Austin v. State ex rel. Herman*, 10 Ariz.App. 474, 477, 459 P.2d

753, 756 (1969)). The filing of an answer is uncontrovertable evidence of a party's intention to submit to the jurisdiction of the court. Rule 5(e). "[I]t has been uniformly held that where the party against whom a default judgment is sought has entered or filed a pleading relating to the cause, such as a complaint or an answer, he has 'appeared' in the action within the meaning of Rule 55(b)(2)." Annot., 27 A.L.R.Fed. 620, 624 (1976). *See also Quaker Furniture House, Inc. v. Ball,* 31 N.C.App. 140, 228 S.E.2d 475 (1976); *Hood v. Haynes,* 7 Kan.App.2d 591, 644 P.2d 1371 (1982); *see generally* Annot., 73 A.L.R.3d 1250 (1976).

We believe that a late filing of an answer may constitute an appearance under Rule 55(b)(2), supra. *See* Annot., 27 A.L.R.Fed. 620 (1976).

■ We hold, therefore, that in the instant case the defendants submitted themselves to the jurisdiction of the court and their actions constituted an appearance sufficient to entitle them to notice pursuant to Rule 55(b)(2). Anything to the contrary in *Anderson v. Wilson,* 140 Ariz. 64, 680 P.2d 200 (App.1984) is disapproved. The Court of Appeals, Division Two, decision in this matter is approved, and the decision of the trial court is affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.