Harry E. MARSHALL and Judy Marshall, Plaintiffs,

v.

Russell A. WELCH, District Director of Internal Revenue, Defendant.

Civ. A. No. 4441.

United States District Court
S. D. Ohio, W. D.
July 10, 1961.

Gordon F. DeFosset, Cincinnati, Ohio, for plaintiffs.

Joseph P. Kinneary, U. S. Atty., Richard H. Pennington, Asst. U. S. Atty., Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

1) This action is brought by the plaintiffs, Harry E. Marshall and Judy Marshall, husband and wife, for the recovery of Internal Revenue taxes under Title 28 U.S.Code, Section 1346(a) (1), as amended.

2) The defendant is a District Director of Internal Revenue to whom plaintiffs paid their Income Tax for the calendar year 1957.

3) Plaintiffs filed a joint Federal Income Tax Return for the calendar year 1957 which indicated Income in the amount of $14,330.46 and a tax to be refunded in the amount of $255.26.

4) Plaintiffs in their joint Income Tax return for the calendar year 1957 included as a Contribution deduction a payment of $1,112 to the Good Shepherd Home, Allentown, Pennsylvania, of which $238 was for the purchase of a wheel chair for the exclusive use of their son, Harry, Jr.

5) Upon audit by the Internal Revenue Service, the sum of $1,112 was disallowed as a charitable deduction and a refund in the amount of $79.12 was made to plaintiffs in lieu of the original refund claimed in the amount of $355.26.

6) During the calendar year 1957 the plaintiffs' son, Harry, Jr. was an inmate of the Good Shepherd Home in Allentown, Pennsylvania, suffering from a non-curable spinal disease.

7) The Good Shepherd Home is located at Sixth and St. John Streets, Allentown, Pennsylvania. It is a tax-exempt organization operating for the care of crippled children and old people. It does remedial work through physiotherapy and in addition, custodial care is given to eligible, handicapped persons, regardless of money, creed, color, or nationality, and no charge is made for the care and custody of said patients.

8) The Good Shepherd Home is supported by voluntary contributions solicited through appeals or bequests and also receives voluntary contributions in the nature of support funds where possible.

9) On February 17, 1959, plaintiffs filed a claim for refund in the amount of $277.45 with the defendant, and said claim was duly disallowed and this suit was filed on the disallowance of said claim for refund.

10) The payments made by the plaintiffs referred to in Finding of Fact No. 4, were at all times, during the year 1957, voluntary.

Conclusions of Law

Based on the above Findings of Facts, the Court concludes that during the year 1957 the plaintiffs contributed to the Good Shepherd Home, Allentown, Pennsylvania, the sum of $1,112. It is admitted, however, by plaintiffs that of this sum $238 was for the purchase of a wheel chair for the exclusive use of their son and the Court finds that this item is not a deductible charitable contribution, and that said deduction is limited to the sum of $874.

Section 170 of the Internal Revenue Code, 26 U.S.C.A. § 170, allows a deduction for contributions and gifts to charitable institutions and the Court finds that the sum of $874 was voluntarily paid to the Good Shepherd Home of Allentown, Pennsylvania, and being a voluntary payment, the same comes within the defini-

tion of a "charitable contribution" as set forth in Section 170 of the Internal Revenue Code.

The Court further finds that plaintiffs have sustained their burden of proof on the contribution above referred to and that by reason thereof they are entitled to a judgment against the defendant in the amount of $223.78, together with costs and interest for which judgment may be entered, to all of which the defendant excepts.