LAWRENCE A. KOZLOWSKI AND BARBARA A. KOZLOWSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kozlowski v. Commissioner
Docket No. 3490-77.
United States Tax Court
T.C. Memo 1979-176; 1979 Tax Ct. Memo LEXIS 349; 38 T.C.M. (CCH) 744; T.C.M. (RIA) 79176; May 8, 1979, Filed Lawrence A. Kozlowski, pro se. W. Winter Nesbitt, III and Arthur A. Oshiro, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $204 in petitioners' Federal income taxes for the year 1974. Because of concessions by the parties, the sole issue for our decision is whether disallowance of expenses incurred by petitioners to adopt their son Matthew is a violation of the due process clause *350 of the Fifth Amendment to the Constitution of the United States since payments for analogous family medical expenses are deductible under section 213. [1]
This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and joint exhibits are incorporated herein by this reference. The pertinent facts are summarized below. Lawrence A. Kozlowski and Barbara A. Kozlowski (petitioners) resided in Redlands, California, at the time they filed the petition in this case. Petitioners filed a joint Federal income tax return for the taxable year 1974 with the Internal Revenue Service Center, Fresno, California. Petitioners' adopted son, Matthew, was placed in their home by the San Bernardino County Welfare Department (hereinafter referred to as Welfare Department) in 1973 and has resided with petitioners continually since that time. Matthew was formally adopted by petitioners through a final decree of adoption issued on March 19, 1974, by the superior Court of California *351 for the County of San Bernardino. Petitioners paid $80 in legal fees in connection with the adoption proceeding. To defray part of the costs of the adoption program the Welfare Department was authorized to charge couples $500 as a fee for adopting a child, but could waive any portion of the fee if it found that payment would cause economic hardship likely to be detrimental to the welfare of the adopted child. Petitioners were required to pay $380 to the Welfare Department as a fee to adopt Matthew. Deductions for personal, living and family expenses are not allowable except as expressly provided in the Code. Section 262. Petitioners acknowledge that no statutory basis exists for deduction of the legal and adoption fees paid to adopt Matthew. They argue, however, that disallowing such expenses violates their constitutional right of equal protection since medical expenses related to the analogous circumstance of childbirth and other medical expenses involving the reproductive process, such as abortion [2] and contraception, are deductible under section 213. Although we sympathize with *352 petitioners' position, we agree with respondent's contention that the disallowance of deductions for adoption expenses does not violate any constitutional prohibitions. Although the Fourteenth Amendment to the Constitution *353 does not apply to Federal laws, the due process clause of the Fifth Amendment embodies the principles of the equal protection clause. Johnson v. Robison,415 U.S. 361, 364-65 n. 4 (1974); Shapiro v. Thompson,394 U.S. 618, 641-42 (1969). Under equal protection analysis, a classification in a Federal statute is subject to strict scrutiny only if it impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class. See Massachusetts Bd. of Retirement v. Murgia,427 U.S. 307, 312 (1976); San Autonio School District v. Rodriguez,411 U.S. 1, 16-17 (1973). Neither of these circumstances is present here. Deductions from income are allowed only as a matter of legislative grace, not as a matter of right. See Commissioner v. Sullivan,356 U.S. 27, 28 (1958); New Colonial Co. v. Helvering,292 U.S. 435, 440 (1934). To the extent the disallowance of the deduction has any effect on the marriage or family life of petitioners, the effect is an incidental financial burden and not an impermissible interference. See Maher v. Roe,432 U.S. 464, 471 (1977); *354 Black v. Commissioner,69 T.C. 505, 509-10 (1977). Also, it is evident that petitioners are not within a suspect class, which has been described as a class "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process." San Antonio School District v. Rodriguez,supra at 28. Consequently, the rational-basis standard is appropriate for application here. Under this standard, generally a differentiation in the types of deductions allowed is not violative of equal protection principles "if any state of facts rationally justifying it is demonstrated to or perceived by the courts." United States v. Maryland Savings-Share Ins. Corp.,400 U.S. 4, 6 (1970). See also Keeler v. Commissioner,70 T.C. 279, 285-86 (1978). As noted by the Supreme Court in Dandridge v. Williams,397 U.S. 471, 485 (1970): In the area of economics and social *355 welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality." Lindsley v. Natural Carbonic Gas Co.,220 U.S. 61, 78. "The problems of government are practical ones and may justify, if they do not require, rough accommodations--illogical, it may be, and unscientific." Metropolis Theatre Co. v. City of Chicago,228 U.S. 61, 69-70. "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." McGowan v. Maryland,366 U.S. 420, 426. It is especially difficult to demonstrate that no rational basis exists for a classification in a revenue measure for which the presumption that an Act of Congress is constitutional is particularly strong. Black v. Commissioner,supra at 507-08; Nammack v. Commissioner,56 T.C. 1379, 1383 (1971), affd. 459 F.2d 1045 (2d Cir. 1972), *356 cert. denied 409 U.S. 991 (1972). In petitioners' case we find that the legislative classification is constitutional. Facts exist which rationally justify the classification in section 213 which provides a deduction only for medical expenses. The statutory predecessor of section 213, section 23(x), I.R.C. 1939, was first enacted in 1942 to allow individuals to deduct certain medical expenses. Revenue Act of 1942, Sec. 127, Pub. L. 753, 56 Stat. 825. The medical deduction was enacted to facilitate maintaining a high level of public health and morale in the face of a heavy tax burden falling on individuals. Sen. Rept. No. 1631, 77th Cong., 2d Sess. p. 6. In light of this congressional intent, it is rational that the statute allows deductions only for medical expenses. It is reasonable to believe that public health would be directly benefited by allowing a medical deduction and that allowing adoption expenses would not materially enhance public health. As respondent argues, medical expenses may be incurred in substantial amounts without forewarning. To alleviate the burden on individual taxpayers, it is logical for Congress to permit a deduction for such personal *357 medical expenses which would otherwise be nondeductible under section 262. Deductibility of childbirth, abortion and contraception medical expenses is a logical consequence of the allowance of most medical expenses. Such expenses involve the physical welfare of the woman and deduction of attendant medical expenses advances the Congressional effort to enhance public health and morale. We perceive a rational basis for excluding deduction of adoption fees since the fees are not in the nature of medical expenses. Generally, expenses of adoption are not unexpected, are not catastrophic, have no direct bearing on the public's health and do not have as wide-spread or substantial an effect on public morale. We do not question the public benefit received from parents such as petitioners who provide a home for an unwanted child. While we understand the petitioners' convictions that adoption fees should be deductible, deductibility is not controlled by a sense of what is fair or equitable. Since a rational basis exists for allowing a medical expense deduction while excluding deduction of adoption fees, we conclude that petitioners' equal protection arguments must fail. We hold that petitioners *358 are not entitled to deduct expenses incurred to adopt their son. To reflect concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. Unless specified otherwise, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue.↩
2. Although petitioners do not pursue the issue on brief, in their petition apparently they argue that allowance of a deduction for medical expenses for abortion, which violates the precepts of their religion, while disallowing adoption expenses is a statutory discrimination infringing on their right to free exercise of religion protected by the First Amendment. We find no grounds in this argument on which to provide petitioners relief. In the absence of a statutory classification specifically grounded on religion, religious beliefs do not furnish a basis for complaint about our tax system. See Winters v. Commissioner,468 F.2d 778, 781 (2d Cir. 1972); Autenrieth v. Cullen,418 F.2d 586, 588-89 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Russell v. Commissioner,60 T.C. 942, 945-947↩ (1973).