CORNELIUS SLAUGHTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Slaughter v. Commissioner
Docket No. 22828-82.
United States Tax Court
T.C. Memo 1983-502; 1983 Tax Ct. Memo LEXIS 274; 46 T.C.M. (CCH) 1150; T.C.M. (RIA) 83502; August 22, 1983. Peter R. Stromer, for the petitioner. Charles W. Kite, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case is before us on petitioner's motion for summary judgment and respondent's motion to dismiss for lack of prosecution and determine the deficiency and addition to tax under section 6653(a) [1] as set forth in the statutory notice of deficiency. *275 The record shows that on July 29, 1982, respondent issued a notice of deficiency to petitioner and on September 13, 1982, petitioner filed pro se a petition with this Court seeking a redetermination of that deficiency. At the time of the filing of the petition in this case, petitioner filed a request that the place of trial be Nashville, Tennessee, and this request was granted. On February 28, 1983, petitioner's present attorney entered his appearance in this case and on March 1, 1983, filed a motion to change the place of trial to San Francisco, California. The reason assigned for requesting the change was that petitioner "via his religious organization" had obtained counsel who resided in Los Gatos, California, and that since the issues were legal, petitioner's personal appearance at the trial was not necessary. This motion was denied on March 15, 1983. On March 22, 1983, there was served on petitioner's counsel a notice setting this case for trial on the June 20, 1983, Nashville, Tennessee, session. On May 24, 1983, a further notice with respect to a change in the place of holding the Nashville, Tennessee, session of the Court was served on petitioner's counsel in this case. *276 On June 13, 1983, petitioner filed a motion for summary judgment. In this motion petitioner stated that on his Form 1040, filed for the year 1980, he showed no tax liability due to the fact that "he had professed an irrevocable Vow of Poverty as a member of a religious order, performing services as an agent of his religious order in his secular employment with International Harvester Company." The motion further stated that there was no genuine issue of fact in the case and asked that judgment be entered for petitioner. Attached to this motion was a memorandum of law in which petitioner argued that this Court lacks jurisdiction to determine constitutional issues such as the validity of a vow of poverty executed by a member of a religious order who engages in secular employment as directed by his ecclesiastical superiors, citing Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,458 U.S.    , 102 S.Ct. 2858 (June 28, 1982). In this memorandum, petitioner further argued that respondent, in determining the deficiency herein, violated his own rulings since "From the virtual inception of federal income tax pursuant to the 16th Amendment to the U.S. Constitution, *277 the IRS had continuously recognized the exclusion from income tax of a clergyman under a Vow of Poverty." This motion of petitioner's for summary judgment was set for argument at the call of the calendar in Nashville, Tennessee, on June 20, 1983. However, this order did not continue the trial of the case, and no motion for such a continuance was filed by or on behalf of petitioner. When the case was called from the calendar at Nashville, Tennessee, on June 20, 1983, there was no appearance by or on behalf of petitioner. Respondent then filed a motion requesting that the Court dismiss this case for failure to properly prosecute and determine the deficiency and addition to tax as set forth in the notice of deficiency. The record here shows that at the time of filing his petition in this case, petitioner resided in Memphis, Tennessee. It shows that respondent determined a deficiency in petitioner's income tax for the calendar year 1980 in the amount of $6,324.59 and an addition to tax under section 6653(a) in the amount of $316.23. Respondent's explanation for his determination is as follows: You received gross wages of $26,795.31 from the International Harvester Company during *278 the tax year ended December 31, 1980. It is determined that this income is taxable to you regardless of whether or not it was assigned to the Church of Deliverance (Charter No. 12084). It is further determined that none of this amount is exempt income. It is determined that during 1980 you received interest income of $160.06 from the International Harvester Credit Union. Since this amount was not reported on your 1980 tax return, your taxable income is increased $160.06. The notice further stated that since part of the underpayment of tax was due to negligence or international disregard of rules and regulations, the 5-percent addition to the tax under section 6653(a) was determined. In his petition, petitioner alleged that respondent erred in that his actions were in violation of petitioner's 1st, 4th, 5th, 6th, 9th, and 14th Amendment rights, as well as "Priest/Penitent and Attorney/Client privileges." He alleged that respondent erred in disregarding the bona fide character of petitioner's church and order and petitioner's status as an obtained minister and a member of a religious order, and the irrevocable vow of poverty taken by petitioner to his church and order. *279 Error by respondent was further alleged because of his failure to contract petitioner's church and order to verify petitioner's status as an agent of said order, and, relying on his own internal rulings, disregarding petitioner's irrevocable vow of poverty. Petitioner also alleged error by respondent in determining the addition to tax against petitioner. The petition stated that the facts upon which petitioner relies are as stated in the assignments of error. Respondent filed a timely answer in which he denied the assignments of error set forth in the petition and the allegations in the paragraph purportedly making allegations of fact. In this posture of the record, it is clear that even on petitioner's theory of the nontaxability of the income he earned from International Harvester because of his "Vow of Poverty as a member of a religious order," there are material issues of fact in this case. Nothing in the pleadings establishes that petitioner has taken a vow of poverty to an established religious order, or that petitioner was an ordained minister or a member of a religious order. For this reason alone, petitioner's motion for summary judgment would be denied. Although *280 petitioner's motion is a motion for summary judgment, the argument in support of that motion is an argument that this Court should dismiss petitioner's case because of its lack of jurisdiction to determine the constitutional issues raised by the pleadings. In very early cases, we held that this Court has the authority to consider and decide issues properly raised with respect to the constitutionality of provisions of the revenue laws. See Forres v. Commissioner,25 B.T.A. 154, 159 (1932), in which we stated: "The Board will consider a question of constitutionality. Independent Life Insurance Co. of America,17 B.T.A. 757; Estate of Robert Todd Lincoln,24 B.T.A. 334." Since that time, this Court has on numerous occasions considered various questions raised by taxpayers concerning the constitutionality of provisions of the revenue laws and various actions taken by the Commissioner or his agents. We have specifically considered numerous contentions that taxation of amounts to an individual violated the freedom of religion clause of the First Amendment to the Constitution. See Winters v. Commissioner,468 F.2d 778, 781 (2d Cir. 1972), *281 affg. a Memorandum Opinion of this Court; Cupp v. Commissioner,65 T.C. 68, 83 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). [2]
Petitioner apparently recognizes that this Court has for many years decided constitutional issues, but in his brief argues that the holding in Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,supra, has in effect overruled the longstanding position taken by this Court and affirmed by many circuit courts that the Court does have jurisdiction to pass on constitutional issues. Petitioner's reliance on the Northern Pipeline Construction Co. case is misplaced. The issue the Supreme Court was considering *282 in that case was the authority of a court other than an Article III court to consider a suit between two parties other than the Government. This is entirely different from the authority vested in the Tax Court to consider cases brought before it to redetermine tax deficiencies. As we pointed out in Swanson v. Commissioner,65 T.C. 1180, 1183-1184 (1976): An action brought in the Tax Court for redetermining of a deficiency had no counterpart in actions at common law. Olshausen v. Commissioner,supra [273 F.2d 23 (9th Cir. 1959)]. It is a statutory proceeding specifically provided by Congress for a taxpayer to obtain a judicial determination of his tax liability without having to pay the deficiency first. It has nothing to do with collection of the tax nor any similarity to an action for collection of a debt, nor does it involve any other rights and remedies of the sort traditionally enforced in an action at law. The United States cannot be sued without its permission, and Congress may provide both the forum and the procedure for bringing an action against the United States. Recently we dealt with a contention similar to that here made that this *283 Court should be considered prohibited from deciding constitutional issues under the holding of the Supreme Court in the Northern Pipeline Construction Co. case. In Rowlee v. Commissioner,80 T.C. 1111, 1114-1115 (1983), we stated with respect to the Northern Pipeline Construction Co. case: The Supreme Court, there, held unconstitutional the broad grant of jurisdiction to bankruptcy courts over, inter alia, State law contract claims by the Bankruptcy Act of 1978. The Supreme Court noted that the act did not constitute bankruptcy courts legislative courts under article I. (458 U.S. at     n. 13.) Compare section 7441. The Court further noted that legislative courts had been upheld where created to resolve public rights, i.e., cases between the Government and its citizens, but that the Bankruptcy Act unconstitutionally gave bankruptcy courts jurisdiction over disputes between private parties. Compare section 7442. [Footnote ref. omitted.] Clearly, the holding of the Supreme Court in the Northern Pipeline Construction Co. case in no way affects the jurisdiction of this Court to hear and determine constitutional issues. This Court has long *284 held that it has such jurisdiction. Petitioner's motion for summary judgment will be denied. At the time the case was called from the calendar in Nashville, the Court stated that petitioner's motion for summary judgment would be denied and directed that the parties proceed with trial. Counsel for respondent reported that he had contacted counsel for petitioner and had been informed that neither petitioner's counsel nor petitioner planned to be present when the case was called. Respondent then filed a motion to dismiss for failure to properly prosecute. The order setting petitioner's motion for summary judgment for argument at the call of the calendar in Nashville in no way intimated that the trial on the merits of the case would not proceed in Nashville if petitioner's motion were denied or taken under advisement. The failure of petitioner to appear in person or by counsel is unexplained and we therefore grant respondent's motion to dismiss this case for failure to properly prosecute and to enter a decision in accordance with the deficiency and addition to tax determined in the notice of deficiency. [3] The burden is on petitioner to show error in respondent's determination *285 of a deficiency and an addition to tax under section 6653(a). Since there was no appearance by or on behalf of petitioner when this case was called for trial, we grant respondent's motion to dismiss and to determine the deficiency and addition to tax as set forth in the notice of deficiency. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩
2. See also Costello v. Commissioner,T.C. Memo. 1975-55, affd. without published opinion (2d Cir., Nov. 20, 1975, 37 AFTR 2d 76-346, 76-1 USTC par. 9117); Hilburn v. Commissioner,T.C. Memo. 1981-737, in which we held that a taxpayer's First Amendment↩ rights were not violated by exemption from taxation of churches that qualify under sec. 501 and not exempting the taxpayer's income on the basis he personally was a church.
3. We note that the statutory deficiency determined in the notice of deficiency is $6,324.59 and the addition to tax under section 6653(a) is $316.23. However, in the deficiency notice it is explained that prepayment credit adjustment of $1,376.04 for tax withheld is due to petitioner and that the net additional tax to be paid is $4,948.55.↩