320 P.2d 702

**Rosa M. WHITE, Appellant,**

**v.**

**Joseph WHITE, Appellee.**

**No. 6223.**

Supreme Court of Arizona.

Jan. 14, 1958.

Herbert B. Finn, Phoenix, for appellant.

V. L. Hash, Phoenix, for appellee.

UDALL, Chief Justice.

This is an appeal by the wife, Rosa M. White, plaintiff-appellant, from a judgment dismissing, for the second time, her complaint in a suit for separate maintenance. The trial court's decision was based on the fact that after the initiation of said action the marriage between the parties was dissolved by a final ex parte divorce decree obtain by the husband, Joseph White, defendant-appellee, in the State of Colorado. Although no longer married the parties will be referred to as in the lower court, i. e., plaintiff and defendant, or as wife or husband, respectively.

Plaintiff and defendant were intermarried in Oklahoma on June 2, 1916, and moved to the State of Arizona some time in the year 1924. In 1951 defendant allegedly abandoned plaintiff and moved to Colorado where he established a legal residence. On December 9, 1952, plaintiff filed the instant in rem action for separate maintenance. Service was had by registered mail on the nonresident defendant. Jurisdiction is impliedly claimed by reason of alleged community real property within the state which is specifically described in the complaint. On December 29, 1952, defendant was granted an interlocutory decree of divorce in the State of Colorado in an action in which the plaintiff did not appear nor was she personally

served, but was represented by a court-appointed attorney. The record is silent as to when such action was instituted. Said decree states, inter alia:

"Ordered, Adjudged and Decreed, that during the six months period next ensuing after the date of this decree the parties hereto *shall not be divorced,* and neither party shall contract another marriage; that during such period the court may, upon motion or petition of either party, or upon its own motion, for good cause shown, after a hearing, set aside this decree; * * *." (Emphasis supplied.)

It then recites that if no such appeal has been taken it will be final at the expiration of six months. While the Colorado court had no jurisdiction of the two minor children, nevertheless the wife was therein awarded the custody and control of the said children; however, the decree was silent as to any provision for the support and maintenance of either the wife or children.

In his first "Answer and Motion" defendant moved to dismiss plaintiff's separate maintenance suit for the reason he had obtained this interlocutory decree of divorce. The motion was granted and on appeal this court reversed, stating that such decree, not being final, was not then entitled to the benefit of the full faith and credit clause of the Constitution of the United States. White v. White, 78 Ariz. 397, 281 P.2d 111.

Plaintiff's complaint was ordered reinstated and thereafter by special appearance defendant pleaded as a bar the Colorado divorce decree, supra, which in the interim had become final. The court below, on the theory that the Colorado final decree must now be given full faith and credit, granted a motion to dismiss and entered judgment for defendant. This appeal followed.

Appellant's three assignments of error are covered in substance by the following proposition of law. The Colorado decree, being ex parte, merely terminated the in rem marital status and hence the full faith and credit clause of the United States Constitution, U.S.Const. art. 4, § 1 does not preclude the wife, on the record presented, from litigating in Arizona—which is allegedly the matrimonial domicile—the matter of support for herself and children.

█ The decree of divorce in question could not, nor did it purport to, determine more than the in rem marital status of the parties as that was the limit of the jurisdiction of the Colorado court. To that extent only we accord it full faith and credit. However this ex parte decree cannot affect the economic and property rights of the parties in Arizona.

█ This concept, that is, recognition of the dissolution of the marital status with-

out necessarily extinguishing all of the obligations of the husband originally created by the common law as incidents thereto, is ofttimes termed, for lack of a better name, a "divisible divorce". The term actually is a misnomer for the parties are divorced. As we understand the term it applies only to ex parte divorce decrees and has no application where the court had in personam jurisdiction over both parties so as to be able to litigate both the marital status and the property and economic rights arising thereunder. See Yarborough v. Yarborough, 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269; Lynn v. Lynn, 302 N.Y. 193, 97 N.E.2d 748, certiorari denied 342 U.S. 849, 72 S.Ct. 72, 96 L.Ed. 640.

The state of the domicile of the husband, i. e. Colorado, is able to grant an ex parte divorce decree, binding on the wife, even though entered on constructive service. While there is a sharp conflict in the reported cases we believe the better rule to be that the matrimonial domicile of the wife is likewise properly concerned with the affairs of its domiciliaries and can do something about it, otherwise by the act of some sister state her citizens might well be left impoverished and become charges on the public. See, Pawley v. Pawley, Fla., 46 So.2d 464, 28 A.L.R.2d 1358–1419 for a comprehensive analysis of this problem. Such was the reasoning in the leading case of Estin v. Estin, 334 U.

S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561. The question there was, did a Nevada ex parte divorce decree terminate the wife's support order rendered in New York under a previous separate maintenance decree? The court, in holding under New York law that the support order survived divorce, stated, 334 U.S. at page 549, 68 S.Ct. at page 1218, the following:

> "The result in this situation is to make the divorce divisible—to give effect to the Nevada decree insofar as it affects marital status and to make it ineffective on the issue of alimony. It accommodates the interests of both Nevada and New York in this broken marriage by restricting each State to the matters of her dominant concern."

In the recent case of Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1362, 1 L.Ed.2d 1456, the United States Supreme Court extended this doctrine. There an action was instituted under an applicable statute (see 1170-b New York Civil Practice Act). There was no personal service on defendant but the action was based on sequestration of property within the state. The New York suit was commenced ten months after a Nevada decree of final divorce—which purportedly also denied alimony to the wife—in which she prayed for separation and alimony. The court stated:

> " * * * The factor which distinguishes the present case from Estin

is that here the wife's right to support had not been reduced to judgment prior to the husband's ex parte divorce. *In our opinion this difference is not material on the question before us.* Since the wife was not subject to its jurisdiction, the Nevada divorce court had no power to extinguish any right which she had under the law of New York to financial support from her husband. It has long been the constitutional rule that a court cannot adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." (Citing cases.) (Emphasis supplied.)

The question here presented is, can the wife continue to maintain a suit, instituted before the divorce decree becomes final, for separate maintenance in the matrimonial domicile, i. e., the place they last lived together as man and wife, after the Colorado divorce decree became final? We believe she can. The law of Arizona is controlling on this matter, not the law of Colorado.

◼ A.R.S. § 25-341 (then 27-815, A.C.A. 1939) states the grounds for separate maintenance. This statute undoubtedly contemplates a valid marriage relationship between the parties *at the time such action is instituted.* However, both statute and case law in Arizona are silent as to the effect of a foreign ex parte decree of divorce on such an action instituted before the decree of divorce becomes final.

◼ The Colorado interlocutory decree of divorce, by its very terms, did not terminate the marriage relationship until six months had elapsed, and prior to its being granted plaintiff instituted her separate maintenance suit in Arizona. Since separate maintenance does not affect the binding character of the marriage tie but deals wholly with property rights (Schuster v. Schuster, 42 Ariz. 190, 23 P.2d 559; Williams v. Williams, 33 Ariz. 367, 265 P. 87, 61 A.L.R. 1264) and the ex parte divorce decree dealt wholly with the in rem marital status and not the property rights, we see no conflict either under the Arizona statute or the United States Constitution in allowing plaintiff to be heard on her suit for separate maintenance which was filed *during the existence of a valid marriage relationship* even though at the same time defendant was maintaining a suit for divorce in a sister state.

◼◼ We do not believe the legislature ever intended the wife's rights under such statute should be abrogated merely because the husband won out in the race to have his decree entered first. To hold otherwise would perpetrate the very evil the legislature sought to correct. The authorities hold it is up to the individual states to determine whether divorce shall end the right to support when the decree is silent

310

on that subject. See Lewis v. Lewis, Cal. App., 311 P.2d 917. Our legislature has spoken on the requirements for separate maintenance. The complaint alleges one of the grounds set forth in the statute, i. e., abandonment by the husband, and such suit was instituted during the existence of a valid marriage.

By our previous decision the complaint herein was reinstated, so when the ruling now complained of was made it stood just as though it had not been dismissed and hence related back to the original filing date.

Plaintiff necessarily is limited to seeking support out of property within the State of Arizona in which it is alleged defendant has an interest. On the substituted service had in the instant case, a personal judgment cannot be obtained against defendant. However, we hold the wife is entitled to her day in court to allow her, under these changed conditions, to bring forth evidence to sustain her contentions. It is therefore ordered the judgment in question be reversed with directions to again reinstate plaintiff's complaint. The case is remanded for further proceedings in the lower court not inconsistent with the views herein expressed.

Judgment reversed with directions.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.