682 P.2d 439

**NATIONAL HOMES CORPORATION, an Indiana corporation; Sportcraft Homes, Inc., a Florida corporation, dba National Mobile Homes, Defendants Cross-defendants-Appellants,**

v.

**TOTEM MOBILE HOME SALES, INC., an Arizona corporation, Defendant Cross-claimant-Appellee.**

No. 1 CA–CIV 6223.

Court of Appeals of Arizona, Division 1, Department D.

Feb. 21, 1984.

Review Denied May 22, 1984.

Jennings, Strouss & Salmon by Gary L. Stuart, Gerrit M. Steenblik, Neil Vincent Wake, Phoenix, for defendants cross-defendants-appellants.

John B. Marron, Phoenix, for defendant cross-claimant-appellee.

## OPINION

JACOBSON, Chief Judge.

This appeal presents the issue of whether a defendant who obtains a dismissal with prejudice of plaintiffs' complaint thereby waives the defense of insufficiency of process in connection with a cross claim arising out of the same transaction.

This action was originated on August 16, 1979 by purchasers of an allegedly defective mobile home. Joined as defendants in that action were appellee, Totem Mobile Home Sales, Inc. (Totem), as the seller of the mobile home and "National Mobile Homes" as manufacturer of the mobile home. In fact, "National Mobile Homes" is the business name of Sportscraft Homes, Inc., a Florida corporation which is a wholly-owned subsidiary of National Homes Corporation.[1] Although service was ostensibly only made upon "National Mobile Homes", National Homes filed an answer to the complaint defending both on the

1. For ease of identification, in this opinion, Sportscraft Homes, Inc. and National Homes shall be referred to as the "cross-defendants."

merits of plaintiffs' complaint and specifically alleging that in personam jurisdiction was lacking because of lack of service of process, defective service of process, and insufficient return of service of process. Subsequently, the plaintiffs amended their complaint to name "Sportscraft dba National Mobile Homes." Service of the amended complaint and alias summons directed against Sportscraft was mailed to the attorney who had appeared for National Homes.

Sportscraft filed an answer clarifying its corporate name, denying liability and again raised the same defenses of insufficiency of service of process as raised by National Homes.

Subsequently, Totem filed a cross-claim against Sportscraft and pursuant to Rule 5(c), Arizona Rules of Civil Procedure, effected service of its cross-claim on the attorney who had appeared for Sportscraft in the action. Totem's cross-claim was later amended to include National Homes. The cross-defendants answered the cross-claim on the merits, but again raised the affirmative defense of insufficiency of service of process.

The cross-defendants' affirmative defenses of insufficiency of process were not ruled on prior to the trial on plaintiffs' complaint. In the meantime, discovery was conducted by the parties, with both cross-defendants seeking and receiving affirmative relief from the trial court in connection with their discovery efforts.

The matter was set for trial on February 25, 1981. On the eve of trial, the cross-defendants settled their dispute with the plaintiffs by paying them a sum of money. The settlement took the form of a stipulation to dismiss "with prejudice" plaintiffs' action against these two cross-defendants. The attorney for cross-defendants presented the stipulation of the trial court, which entered an order dismissing plaintiffs' claim against the cross-defendants with prejudice. At this time, cross-defendants' jurisdictional defenses had not been ruled upon.

Since the plaintiffs did not appear on the day of trial, the only remaining issue for

disposition by the trial court was Totem's cross-claim against the cross-defendants. The cross-defendants orally moved to dismiss the cross-claim on the basis of insufficiency of service of process and therefore lack of in personam jurisdiction over them. The trial court denied the motion on two bases: (1) that service of process was legally sufficient, and (2) that the cross-defendants "were estopped to deny the [c]ourt's jurisdiction by virtue of the fact that they had obtained a judgment in their favor in connection with the claim by [the original plaintiffs]."

Subsequently, the trial court entered judgment in favor of Totem on its cross-claims against both cross-defendants and they have timely appealed. The sole issue raised on appeal is whether the trial court obtained in personam jurisdiction over the cross-defendants.

As a preliminary matter, Totem has raised the issue that the cross-defendants failed to provide a transcript on appeal and therefore that transcript must be presumed to contain evidence in support of the trial court's judgment. We need not reach this issue as the record on appeal is sufficient for this court to determine the matter upon the issue we feel is dispositive.

We prefer to dispose of this appeal on the question of whether the actions of cross-defendants in the course of defending plaintiffs' action in the trial court waived any defect in service. Or more directly put, in spite of defective service, did the cross-defendants subject themselves to the jurisdiction of the trial court?

The cross-defendants argue that under the provisions of Rule 12, Arizona Rules of Civil Procedure, they are not precluded from defending on the merits and at the same time attacking in personam jurisdiction on the basis of insufficiency of service of process. In particular, they point to the provision in Rule 12(b), which provides:

> No defense or objection is waived by being joined with one or more defenses or objections in a responsive pleading or motion.

and, the provisions of Rule 12(i), which provide:

A party waives all defenses and objections which he does not present either by motion as hereinbefore provided, or, if he has made no motion in his answer or reply, except

(1) A defense of ... insufficiency of process ... is waived (A) if omitted from a motion in the circumstances described in subdivision (h), or (B) if it is neither made by motion under this rule nor included in a responsive pleading....

Since the defense of insufficiency of process was raised by the cross-defendants' answer to both the plaintiffs' complaint and the cross-claim, it is urged that this defense cannot be waived. As a matter of pleading, the cross-defendants are absolutely correct. As stated in *Kadota v. Hosogai*, 125 Ariz. 131, 139, 608 P.2d 68, 76 (App. 1980):

The adoption of Rule 12, Arizona Rules of Civil Procedure, established that the distinction between general appearances and special appearances was to be abolished.

However, the Rules of Civil Procedure do not address the issue of, aside from waiver by pleading or lack thereof, what action or inaction in the litigation itself may subject a party to jurisdiction of the trial court even in the face of a defect in process.[2] To answer this problem, we must inquire whether a party, by its actions in the conduct of the litigation, has manifested an intent to be subject to the jurisdiction of the court, even though it has raised jurisdictional defects. The general principle is stated in *Austin v. State ex rel. Herman, supra*, 10 Ariz.App. at 477, 459 P.2d at 756:

[A]n appearance is always a matter of intention and is not to be inferred, except as the result of acts from which an intent may be properly inferred. [citations omitted]. Broadly stated, any action on

the part of defendant, except to object to the jurisdiction over his person, which recognizes the case as in court, will constitute a general appearance.

This statement is, of course, subject to the pleading allowances under Rule 12 which have been discussed previously.

■■ However, the authorities are uniform in holding that a defendant, even in the face of a properly raised insufficiency of process defense, may waive that defense by seeking affirmative relief from the court, which usually arises when a defendant files a voluntary counter-claim or cross-claim. *Carlton v. Emhardt*, 138 Ariz. 353, 674 P.2d 907 (App.1983); *W.S. Kincade v. Jeffrey-De Witt Insulator Corp.*, 242 F.2d 328 (5th Cir.1957). The rationale for the rule is that if a party invokes the power of the court for its own purpose, it cannot be allowed the inconsistent objection that the forum was personally inconvenient to it. 5 C. Wright & A. Miller, *Federal Practice & Procedure*, Civil § 1397 at 877 (1969).

■ The rationale for finding a waiver where affirmative relief is requested is also applicable in determining the intent of a party in obtaining a timely ruling on the jurisdictional defense. We have no problem in holding under Rule 12, that a defendant who has obtained an adverse ruling on its jurisdictional defense has not waived that defense on appeal even though he proceeds to trial on the merits and a judgment has been entered against him. *See Kadota v. Hosogai, supra*. In such a case, the defendant is under a compulsion to defend.

■ However, the recognized purpose of Rule 12 is to provide for the expeditious ruling upon Rule 12(b)(2) through (5) challenges. *See* 5 C. Wright & A. Miller, *Federal Practice & Procedure*, § 1391 (1969). *Also see United States v. Article of Drug*, 362 F.2d 923 (3rd Cir.1966) (holding that "if a defendant goes to trial on the merits

---

**2.** We are not dealing with a complete lack of service of process, and thus a constitutional due process issue, but rather with a situation where a party is informed of the litigation and has appeared therein, though the form of notifica-

tion may not comply with the rules dealing with service of process. See the distinction drawn in *Austin v. State ex rel. Herman*, 10 Ariz.App. 474, 459 P.2d 753 (1969).

**438**

without raising the question of personal jurisdiction, any defects in that connection are waived.")

In this same vein, this court has held that even though a defendant has properly and timely raised the defense of insufficiency of process, he may waive that defense by allowing judgment to be taken against him on the merits without obtaining a ruling on the jurisdictional defense. *Hill Bros. Chemical Co. v. Grandinetti,* 123 Ariz. 84, 597 P.2d 987 (App.1979).

Thus, in our opinion, it is not only the formal manifestation of intent to raise the insufficiency of process defense by pleading under Rule 12 which is controlling, but whether that intent continues through the litigation by timely obtaining a ruling on that defense.

We do not need here to determine when a "timely" application for ruling on the jurisdictional defense must be presented. Suffice it to say, that after a judgment on the merits has been entered, it is too late. Under these circumstances, by allowing the court to enter a judgment on the merits either for or against a defendant, without requiring the court to rule on the 12(b)(2) through (5) defenses, the defendant has manifested an intent to subject himself to the jurisdiction of the court, and the defense has been waived.

Applying these principles to this case, it is important to keep in mind that the service of process was effected by the plaintiffs in this matter. By the cross-defendants allowing judgment to be entered on the plaintiffs' complaint "with prejudice," without obtaining a ruling on the sufficiency of that service, the cross-defendants obtained relief (the plaintiffs' cause of action against them was forever extinguished) inconsistent with lack of personal jurisdiction and waived any deficiencies in that process. Since Totem's service of its cross-complaint was proper if the plaintiffs' service was valid, cross-defendants by waiving any objection to the validity of plaintiffs' service has likewise waived any defense to Totem's service of process.

The judgment of the trial court is affirmed.

KLEINSCHMIDT, P.J., and GREER, J., concur.