959 P.2d 807

**Tracy D. TAYLOR, Petitioner,**

**v.**

**The Honorable Barbara M. JARRETT, Judge of the Superior Court of The State of Arizona, In and For the County of Maricopa, Respondent Judge,**

**Elizabeth TAYLOR, Real Party in Interest.**

**No. 1 CA–SA 98–0110.**

Court of Appeals of Arizona, Division 1, Department B.

May 26, 1998.

J. Douglas McVay, Phoenix, for Petitioner.

Steven D. Keist, Glendale, for Real Party in Interest.

## OPINION

FIDEL, Judge.

¶ 1 When, at the request of a resident spouse, an Arizona court exercises jurisdiction to dissolve a marriage and enter child custody orders pursuant to the Uniform Child Custody Jurisdiction Act ("UCCJA"), may the non-resident spouse seek the court's affirmative relief on custodial matters without waiving objection to the court's exercise of personal jurisdiction to determine monetary issues? We answer that question in the affirmative in this special action.

## I. BACKGROUND

¶ 2 The parties Tracy and Elizabeth Taylor married in California in 1993, then relocated to New York, where they separated in 1995. Elizabeth moved to Arizona with the parties' minor child and, in July 1996, filed a petition for dissolution of marriage in the Superior Court in Maricopa County. Tracy, who was served by registered mail at his New York residence, moved to dismiss for lack of jurisdiction.

¶ 3 The trial court, denying Tracy's motion, found that the Arizona domicile of the wife and child permitted the court both to dissolve the marriage pursuant to Arizona Revised Statutes Annotated ("A.R.S.") § 25–312(1) (Supp.1997) and to decide child custody pursuant to A.R.S. §§ 25–401(A), –433(A). The court agreed, however, that it lacked personal jurisdiction over Tracy and, therefore, lacked authority to resolve monetary issues between the parties.

¶ 4 Accepting the court's jurisdiction to order dissolution and decide child custody, Tracy filed a response requesting dissolution of the marriage and joint legal custody of the child. Elizabeth then moved for reconsideration of jurisdiction, arguing that Tracy had subjected himself to personal jurisdiction by (1) sending support checks from New York to Arizona; (2) requesting affirmative relief in an Arizona court; and (3) appearing through counsel in an Arizona court for a purpose other than to challenge jurisdiction. After considering the parties' memoranda, the trial court vacated its prior order and asserted personal jurisdiction, stating:

> This is because [Tracy] has waived his prior objection to the Court's exercise of *in personam* jurisdiction over him by making a request for affirmative relief from the Court in regard to custody/visitation issues. *See National Homes Corp. v. Totem Mobile Home Sales,* 140 Ariz. 434, 682 P.2d 439 (Ct.App.1984). Thus, the Court does have authority to resolve monetary issues between the parties in the present proceeding.

This special action followed.

## II. SPECIAL ACTION REVIEW

¶ 5 We rarely accept special action jurisdiction when a petitioner seeks relief from the denial of a motion to dismiss. *See Polacke v. Superior Court,* 170 Ariz. 217, 218, 823 P.2d 84, 85 (App.1991). We make an exception when, as here, the motion to dismiss reveals an absence of jurisdiction, "as an appeal inadequately remedies a trial court's improperly requiring a defense in a

matter where it has no jurisdiction." *Id.* at 219, 823 P.2d at 86; *accord Magidow v. Coronado Cattle Co.,* 19 Ariz.App. 38, 41, 504 P.2d 961, 964 (1972). This case also warrants review because it presents an issue of first impression, and one of statewide importance that is likely to recur. *See Snow v. Superior Court,* 183 Ariz. 320, 322, 903 P.2d 628, 630 (App.1995).

## III. "DIVISIBLE DIVORCE"

¶ 6 When a married couple with children divorces, a court may be asked to resolve three sets of issues: (1) dissolution of the marriage; (2) child custody and visitation; and (3) financial questions including spousal maintenance, child support, and allocation of marital property and debt. *See generally* Rhonda Wasserman, *Parents, Partners, and Personal Jurisdiction,* 1995 U. Ill. L.Rev. 813, 813–14. These issues, though intertwined, are governed by different jurisdictional standards, and the shifting standards cause confusion when, as here, one of the parties does not reside in the forum state.

■ ¶ 7 An Arizona court has statutory jurisdiction to enter a decree of dissolution when "one of the parties, at the time the action was commenced, was domiciled in this state ... for ninety days prior to filing the petition for dissolution of marriage." A.R.S. § 25–312(1). The court may exercise this limited jurisdiction to dissolve the marriage without violating due process, even though it lacks personal jurisdiction over a non-resident party, as long as the court does not determine the monetary obligations of the parties. *See Estin v. Estin,* 334 U.S. 541, 544, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948); *Williams v. North Carolina,* 317 U.S. 287, 298–99, 63 S.Ct. 207, 87 L.Ed. 279 (1942);

*White v. White,* 83 Ariz. 305, 307–08, 320 P.2d 702, 703–04 (1958). The product of such limited jurisdiction is sometimes called a "divisible divorce." *White,* 83 Ariz. at 307–08, 320 P.2d at 703–04.

■ ¶ 8 Similarly, under the UCCJA, an Arizona court need not secure personal jurisdiction over a non-resident party in order to adjudicate custody and visitation issues. The court has subject-matter jurisdiction over these issues if Arizona is the child's "domicile or home state."[1] *See* A.R.S. § 25–433(A)(1).[2] Instead of requiring a forum court to obtain personal jurisdiction over a non-resident parent, the UCCJA focuses the court's jurisdictional inquiry upon the status of the child. *See* A.R.S. § 25–433(A). "There is no requirement for technical personal jurisdiction [over each party], on the traditional theory that custody determinations, as distinguished from support actions ..., are proceedings in rem or proceedings affecting status." UCCJA § 12 cmt. (1968), 9 U.L.A. 274 (pt. 1) (1988).

■ ¶ 9 Technical personal jurisdiction must be acquired, in contrast, before a court can decide issues of child support, spousal maintenance, or division of marital property. *See Kulko v. Superior Court,* 436 U.S. 84, 91–101, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) (child support); *Auman v. Auman,* 134 Ariz. 40, 42, 653 P.2d 688, 690 (1982) (division of marital property).

¶ 10 It is widely recognized, however, that a non-resident party may waive objection to the absence of personal jurisdiction by seeking affirmative relief from the court. *See Nunley v. Nunley,* 757 P.2d 473, 475 (Utah Ct.App.1988) ("[A] party may challenge the court's jurisdiction without submitting himself to it, but if a party asks the

---

1. "Home state" is defined as "the state in which the child immediately preceding the time involved lived with his parents, a parent or a person acting as parent for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons aforementioned. Periods of temporary absence of any of the named persons are counted as part of the six month or other period." A.R.S. § 25–432(5). Although domicile is not defined in the UCCJA, our supreme court has defined "[a] domicile [as] where a person intends to remain and make a

home. A child born in Arizona acquires Arizona as her domicile at birth." *J.D.S. v. Franks,* 182 Ariz. 81, 91, 893 P.2d 732, 742 (1995) (citations omitted).

2. A court may also acquire jurisdiction to resolve child custody upon the grounds set forth in A.R.S. § 25–433(A)(2)–(4). *See J.D.S. v. Franks,* 182 Ariz. at 87, 893 P.2d at 738. However, because these criteria do not apply in this case, we will not discuss them.

court for affirmative relief, that party is subject to the court's jurisdiction."); *Washington Equip. Mfg. Co. v. Concrete Placing Co.,* 85 Wash.App. 240, 931 P.2d 170, 174 (1997); *In re Marriage of Parks,* 48 Wash.App. 166, 737 P.2d 1316, 1318 (1987); 21 C.J.S. *Courts* § 84 (1990) ("Objections to lack of jurisdiction of the person ... are waived by invoking the court's jurisdiction, as by ... seeking relief on a ground additional to, or other than, want of jurisdiction."); *cf. National Homes Corp. v. Totem Mobile Home Sales,* 140 Ariz. 434, 437, 682 P.2d 439, 442 (App. 1984) (party may waive defense of insufficiency of process by seeking affirmative relief from the court).

¶ 11   The question presented in this case is whether Tracy waived objection and accepted jurisdiction over his person when, in a response that acknowledged Arizona's jurisdiction to adjudicate child custody and visitation issues, he asked the court to "award joint legal custody of the parties' minor child to the parties with liberal contact with both parties." The trial court construed this request for relief as a waiver. We disagree.

¶ 12   The UCCJA, codified in A.R.S. § 25–431 to –454, seeks to avoid jurisdictional conflict, promote inter-state judicial cooperation, and assure that child custody be determined in the state where the child and the child's family have the closest connection. A.R.S. § 25–431(A)(1)–(3). To this end, the UCCJA provides for "jurisdiction to make a child custody determination," A.R.S. § 25–433(A), and pointedly defines custody determination "not [to] include a decision relating to child support or any other monetary obligation of any person." A.R.S. § 25–432(2). California, construing its statutory counterpart, has held that, by expressly excluding any requirement that the forum court decide questions of child support or monetary obligation, the UCCJA "presupposes that a parent may participate in proceedings leading to custody or visitation determinations without exposing himself or herself to the personal jurisdiction of the forum state court." *In re Marriage of Fitzgerald & King,* 39 Cal. App.4th 1419, 46 Cal.Rptr.2d 558, 564 (1995). We wholly agree.[3]

 ¶ 13   It "would thwart the purpose of the act, which is to provide a forum to resolve custody issues," to require a non-resident either to relinquish participation in the custodial determination or to relinquish his jurisdictional objection to the resolution of monetary issues. *Id.* Further, to do so would be patently unfair. *See Warwick v. Gluck,* 12 Kan.App.2d 563, 751 P.2d 1042, 1046 (1988).

¶ 14   We therefore accept jurisdiction, reverse the trial court's ruling that Tracy submitted himself to the personal jurisdiction of the court, and remand for further proceedings consistent with this opinion.

THOMPSON, P.J., and VOSS, J., concur.

---

3. We recognize that in *Porter v. Estate of Pigg,* our supreme court held it to be error—though not void—to resolve issues of marital dissolution and property distribution in *separate judgments.* 175 Ariz. 303, 856 P.2d 796 (1993). In *Porter,* however, our supreme court was contemplating cases in which the superior court has personal jurisdiction to achieve complete relief; it was not considering cases such as those arising under the UCCJA, in which the court lacks personal jurisdiction to resolve monetary issues between the parties.