NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STEVEN R. BUSBY, *Petitioner*,

*v.*

THE HONORABLE JOSEPH P. GOLDSTEIN, Commissioner of the
SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County
of YAVAPAI, *Respondent Commissioner*,

RISÉ A. BUSBY, *Real Party in Interest*.

No. 1 CA-SA 18-0279
FILED 3-5-2019

Appeal from the Superior Court in Yavapai County
No. P1300DO201800574
The Honorable Joseph P. Goldstein, Judge *Pro Tempore*

**JURISDICTION ACCEPTED, RELIEF DENIED**

COUNSEL

Musgrove Drutz Kack & Flack, PC, Prescott
By Jeffrey D. Gautreaux, Andrew J. Diener
*Counsel for Petitioner*

Law Office of Robert L. Fruge, PC, Prescott
By Robert L. Fruge
*Counsel for Real Party in Interest*

Arizona Attorney General's Office, Tuscon
By Marjorie S. Becklund
*Counsel for Respondent Commissioner*

---

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Kent E. Cattani joined.

---

**B E E N E**, Judge:

**¶1** Steven R. Busby ("Husband") appeals the superior court's denial of his motion to dismiss Risé Busby's ("Wife") petition for dissolution of marriage for lack of personal jurisdiction. For the reasons stated below, we accept special action jurisdiction, but deny relief.

### FACTS AND PROCEDURAL HISTORY

**¶2** Husband and Wife married in 1986 in California. They lived in Arizona for approximately two years beginning in June 2005, until they moved back to California. In 2013, they moved from California to Texas. Wife moved from Texas back to Arizona in September 2017, while Husband continued residing in Texas.

**¶3** In 2005, through their marital trust created in California, Husband and Wife purchased land in Prescott and have since paid property taxes and homeowners association fees associated with the land. This unimproved property worth approximately $225,000 make up about 10% of the marital assets. Husband owns no other property in Arizona.

**¶4** In June 2018, Wife filed a petition for dissolution of marriage in Arizona. Husband filed a motion to dismiss Wife's petition for lack of personal jurisdiction in August 2018. The superior court found it had personal jurisdiction over Husband and denied his motion in October 2018. Husband appealed the court's decision pursuant to Arizona Rule of Procedure for Special Action 1.

### JURISDICTION

**¶5** Special action jurisdiction is proper to challenge the denial of a motion to dismiss for lack of jurisdiction. *Sigmund v. Rea*, 226 Ariz. 373, 375, ¶ 5 (App. 2011) (quotation omitted). We granted review also "because the jurisdiction of Arizona courts over non-resident defendants is a recurring issue of statewide importance." *Planning Grp. of Scottsdale, L.L.C. v. Lake Mathews Mineral Props., Ltd.*, 226 Ariz. 262, 265, ¶ 11 (2011).

2

## DISCUSSION

**¶6** Husband argues that Arizona courts lack personal jurisdiction over him, notwithstanding his historical and present contacts with the forum state. We disagree.

**¶7** "We review the superior court's exercise of personal jurisdiction *de novo.*" *Arizona Tile, L.L.C. v. Berger*, 223 Ariz. 491, 493, ¶ 8 (App. 2010). Because the superior court conducted no evidentiary hearing on Husband's motion to dismiss for lack of personal jurisdiction and it considered the parties' affidavits and other documents, we view the facts "in the light most favorable to [Wife] but accept[] as true the uncontradicted facts put forward by [Husband]." *Planning Grp. of Scottsdale*, 226 Ariz. at 264, ¶ 2, n.1; *see also Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 506-07 (App. 1987) (ruling that court may consider documentary and testimonial evidence to resolve jurisdictional challenges).

**¶8** We first recognize that Arizona courts need not have personal jurisdiction over Husband to dissolve the marriage. *Schilz v. Superior Court (Pickrell)*, 144 Ariz. 65, 68 (1985); *see also* A.R.S. § 25-312. We further recognize that Arizona courts have, at a minimum, jurisdiction to distribute the couple's Arizona land assets. *Porter v. Porter*, 101 Ariz. 131, 134 (1966) ("The court has jurisdiction to determine the rights of the nonresident spouse in the attached property."); Restatement (Second) of Conflict of Laws § 59 (1971) ("A state has power to exercise judicial jurisdiction to affect interests in land in the state although a person owning or claiming these interests in the land is not personally subject to the judicial jurisdiction of the state."). We can affirm the superior court's decision on these grounds alone.

**¶9** A court must otherwise have personal jurisdiction over non-resident spouses to determine their monetary obligations. *See Taylor v. Jarrett,* 191 Ariz. 550, 552, ¶ 7 (App. 1998). Arizona may exercise personal jurisdiction over non-residents "to the maximum extent permitted by the constitution of this state and the Constitution of the United States." Ariz. R. Fam. Law P. 42(A) (2018).

**¶10** Arizona may gain personal jurisdiction only from a non-resident's "purposeful" conduct. *Planning Grp. of Scottsdale*, 226 Ariz. at 266, ¶ 16 (reiterating that "casual or accidental contacts by a defendant with the forum state" or contacts "established through the unilateral activities of the plaintiff" cannot support the exercise of personal jurisdiction) (citations omitted); *see also Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (requiring

"some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws"). A rebuttable presumption of personal jurisdiction arises if Wife shows that Husband purposefully established "sufficient minimum contacts with [Arizona] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Williams v. Lakeview Co.*, 199 Ariz. 1, 3, ¶¶ 6-7 (2000) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). If such minimum contacts are "substantial *or* continuous and systematic," *Williams*, 199 Ariz. at 3, ¶ 6 (emphasis added), "the defendant can fairly be expected to respond to *all* claims arising out of those contacts, whatever the plaintiff's theory of recovery," *Planning Grp. of Scottsdale*, 226 Ariz. at 268, ¶ 25 (emphasis added).

¶11 In 2007, during their marriage and while having established their matrimonial domicile in Arizona, Husband and Wife purchased land in Prescott on which to construct their marital residence.[1] Since 2007, Husband has co-owned that real property and performed the associated duties and responsibilities, including regular and continuous payments of real property taxes, homeowners association fees, and compliance with the association's covenants and restrictions. *See Planning Grp. of Scottsdale*, 226 Ariz. at 264, ¶ 2, n.1. Husband's ownership has been "continuous and systematic" and "the exercise of general jurisdiction over [Husband] by an [Arizona] court was 'reasonable and just.'" *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984) (quoting *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952)); *Planning Grp. of Scottsdale*, 226 Ariz. at 268, ¶ 25.

¶12 Husband argues that Arizona lacks personal jurisdiction because the marital assets in Arizona are minimal—about 10% of the total marital assets—and owned by a family trust. The personal jurisdiction analysis, however, examines defendant's reasonable expectation to be haled into the forum state's court based on his purposeful contacts with the forum state. It requires a holistic analysis. *Planning Grp. of Scottsdale*, 226 Ariz. at 268, ¶ 25. "[P]ersonal jurisdiction is not a zero-sum game; a

---

[1] Wife's unilateral move back to Arizona in September 2017, by itself, is not sufficient to confer jurisdiction over Husband in Arizona. *See Pickrell*, 144 Ariz. 65, 70 (1985) ("[W]here the parties left Arizona and established their matrimonial domicile elsewhere, the return of the wife to Arizona did not provide a sufficient connection between Arizona and the absent husband to authorize personal jurisdiction over him.").

defendant may have the requisite minimum contacts allowing the exercise of personal jurisdiction by the courts of more than one state with respect to a particular claim." *Id*. at ¶ 27. We believe Husband maintained sufficient minimum contacts with Arizona, in totality, to reasonably expect that Wife may file a petition for dissolution here, requesting all of the marital assets be divided by Arizona courts.[2] Husband's reliance on *In re the Marriage of Peck* is unavailing. *See* 242 Ariz. 345, 348, ¶ 9 (App. 2017), *review denied* (Oct. 17, 2017). The husband and wife in *Peck* "never resided together in the United States, let alone Arizona, and they spent the entire duration of their thirteen-year marriage in Europe until [husband] relocated to Tucson in 2014. [Wife] has never lived in the United States, and there is no evidence that the parties jointly own any property in Arizona." *Id.* at 350, ¶ 16.

¶13 Husband, a Texas resident, further argues it would be burdensome for him to litigate division of all of the marital assets in Arizona as most are located in Texas. But "considerations such as minimal defendant inconvenience, strong forum state interest in applying its law, and convenience of location of the forum state are secondary" because the "threshold due process requirement for assertion of jurisdiction is contacts, ties or relation with the forum state." *Pickrell*, 144 Ariz. at 69 (citations omitted). Because both states may have jurisdiction over the parties, either party would be inconvenienced by litigating in a forum different than their domicile. *Planning Grp. of Scottsdale*, 226 Ariz. at 268, ¶ 27.

¶14 We also note that Arizona represents the only option at present to dissolve the marriage. Husband has not filed an independent action in Texas courts or requested the case be transferred there.

---

[2] Arizona courts likewise have specific jurisdiction because Husband has purposefully availed himself of land ownership privileges in the forum in connection with the marriage to be dissolved here. *See Williams*, 199 Ariz. at 3, ¶ 7.

**CONCLUSION**

¶15      For the foregoing reasons, we accept special action jurisdiction, but deny Husband relief. Upon compliance with Arizona Rule of Civil Appellate Procedure 21, Wife may recover her taxable costs.



AMY M. WOOD • Clerk of the Court
FILED: AA