NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, ex rel. DES
ALEXA NICOLE ROWLAND, *Petitioners/Appellees*,

*v.*

CHRISTOPHER ARMANDO CASTORENA,
*Respondent/Appellant*.

No. 1 CA-CV 21-0741 FC
FILED 9-13-2022

Appeal from the Superior Court in Maricopa County
No. FC2017-095822
The Honorable Paula A. Williams, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Petitioner/Appellee, DES*

Pascua Yaqui Legal Services, Guadalupe
By Tim D. Coker
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Cynthia J. Bailey joined.

---

**G A S S**, Vice Chief Judge:

¶1        Christopher Castorena appeals the superior court family division's denial of his motion to vacate a default judgment, entered in 2017, imposing child support obligations, claiming it was "void for lack of service." We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In September 2017, the Arizona Department of Economic Security (ADES), petitioned to establish Castorena's paternity and sought an order for child support on behalf of child's mother. ADES filed a certificate of service stating Castorena's mother timely accepted service on his behalf. In response to Castorena's later assertion he had not lived at his mother's home since 1998, ADES countered he had provided her address to the State more recently in a different child support matter.

¶3        Castorena did not appear in response to the September 2017 petition, resulting in a December 2017 default judgment. That judgment established Castorena was the father and awarded the child's mother $657 per month in child support and nine months of arrearages, to be paid off at no less than $50 per month.

¶4        In May 2019, the State filed a notice of simultaneous proceeding which conferred jurisdiction in the juvenile court for "establishing, suspending, modifying, or terminating a child support order for current support." The family division retained jurisdiction over child support arrears. Later that month, mother petitioned the family division to enforce child support and child support arrears. At the July 2019 hearing on that petition, mother, Castorena, and the State appeared. The State told the family division Castorena "indicated that he was not originally served with the [2017] establishment paperwork." Castorena did not object based on lack of personal jurisdiction in the 2017 judgment. Castorena acknowledged accepting service of the May 2019 petition and agreed to pay monthly child support arrears. In July 2019, the family division entered an

enforcement judgment affirming Castorena pay $657 in child support, tacitly affirming the arrearage award, and increasing the arrears payment to $99 per month. In substance, that 2019 judgment, entered when the family division had personal jurisdiction over Castorena, affirmed the 2017 default judgment. No party appealed the 2019 judgment.

¶5	In 2021, Castorena moved to vacate the December 2017 default judgment, claiming it was "void for lack of service." At an evidentiary hearing, the family division heard testimony about service on Castorena in 2017 and denied the motion as untimely. Castorena timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.A.2.

## ANALYSIS

¶6	Castorena argues the family division erred in denying his motion to vacate the December 2017 judgment because of insufficient service of process. This court reviews *de novo* whether the superior court has personal jurisdiction over Castorena. *See Ruffino v. Lokosky*, 245 Ariz. 165, 168, ¶ 9 (App. 2018). For a court to have personal jurisdiction over a defendant, proper service of process is essential. *Id.* at ¶ 10. The superior court may exercise personal jurisdiction over a party who has made a general appearance by "tak[ing] any action, other than objecting to personal jurisdiction, that recognizes the case is pending in court." *Kline v. Kline*, 221 Ariz. 564, 569, ¶ 18 (App. 2009); *see also State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 29, ¶ 8 (App. 2003). A defendant who proceeds to trial on the merits and obtains relief without raising the question of personal jurisdiction waives any personal jurisdiction defense. *Nat'l Homes Corp. v. Totem Mobile Home Sales, Inc.*, 140 Ariz. 434, 437–38 (App. 1984).

¶7	Without regard to the proceedings resulting in the 2017 judgment, Castorena voluntarily appeared at the enforcement hearing resulting in the 2019 judgment. At that time, Castorena accepted service of the May 2019 petition, discussed the amount of child support arrears to be set, and agreed to pay it. Castorena, therefore, had actual knowledge of the enforcement hearing, personally appeared at that hearing without claiming lack of personal jurisdiction, and argued the merits of the case. Though Castorena claims he was not served in the 2017 proceeding, he did not challenge the family division's jurisdiction over him in the 2019 enforcement proceeding. Moreover, the 2019 judgment—which was entered when the family division had personal jurisdiction over Castorena—imposed obligations for him to pay child support arrears. At the 2019 hearing, the family division noted child support obligations may

be imposed retroactively for up to three years. A.R.S. § 25-809.B. On this record, even if he was not served with the petition resulting in the 2017 judgment, given the valid 2019 judgment, Castorena has shown no error in the family division denying his Rule 85 motion. *See Forsztc v. Rodriguez*, 212 Ariz. 263, 265, ¶ 9 (App. 2006) (this court will affirm the superior court's ruling if it is correct for any reason apparent in the record). Given this conclusion, we need not decide whether service was proper in the proceedings leading to the 2017 default judgment. *Cf. Austin v. State ex rel. Herman*, 10 Ariz. App. 474, 476 (1969).

**CONCLUSION**

¶8        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA